TARBELL *v.* A. J. STEVENS & Co.

Where suit was brought upon a number of bank bills of different denominations, issued by the same bank, a copy of one bill of each denomination being attached to the petition, and the petition alleged that the plaintiff is the owner of bills of said bank to the amount of $214,00, to-wit : 16 one dollar bills, 2½ two dollars bills, and 30 five dollars bills, and that all of each denomination are precisely like the copy attached, except the letters and numbers, which were stated in the petition; and where the petition was demurred to for the reason that copies of the bills were not annexed to the petition, which demurrer was overruled ; *Held*, 1. That the annexation of one bill of each denomination, with the averments made by the plaintiff, and in view of the known similarity of bank bills, was a sufficient compliance with the law; 2. That the demurrer was properly overruled.

In an action on bank bills, against the maker, or one originally liable for their redemption, it is not necessary to aver that the bills have been presented at the bank for payment; but the defense of readiness to pay should be set up by the defendant.

Where a party holds himself out to the public, as liable for the redemption of the bills of a bank, as a stockholder, and advertises to redeem the same at the counter of a bank different from that by which the bills were issued, and where by such representations he gives character, credit and currency to the bills, and causes them to be received in the community, the promise or undertaking, or the liability assumed, is not in the nature of an assumption to pay the debt of another, but is original and independent in its nature, and it is not necessary to aver that the promise or undertaking was in writing.

Where in an action on certain bank bills issued in another State, against parties residing in Iowa, the petition alleged that the defendants, prior to the first day of June, 1857, were bankers in Polk county; that in the course of their said business, they represented themselves to be the owners of, and personally liable for, the said bank bills, as stockholders in said bank, which representations they made by their published card, printed in the paper of said county, and by their oft-repeated verbal declarations, publicly made; that they advertised to redeem said notes at their counter in Polk county; that by reason of said representations, said bank notes obtained credit, and were received and paid by parties in business transactions in said county, as current funds; that relying upon these representations, the petitioner was induced to accept said notes as money; and that on or about the 8th of August, 1857, said defendants ceased to redeem said bank notes, according to their representations, by reason of which failure, said notes had become, and then were

wholly worthless, &c.; and where the petition was demurred to, on the ground that the plaintiff sought to charge defendants for the debts of another, and does not allege the promise to be in writing, which demurrer was overruled, *Held*, 1. That the liability of defendant was an original and independent undertaking; 2. That the statute of frauds did not apply to such a case; 3 That defendants were liable to every person receiving the bills, who saw their advertisements, or heard their representations; 4. That the demurrer was properly overruled.

*Appeal from the Polk District Court.*

TUESDAY, NOVEMBER 2.

The plaintiff sues on certain bills of the Agricultural Bank of Tennessee, and as a ground for the defendants' liability, alleges that defendants prior to the first of June, 1857, were bankers in Polk county, and in the course of their said business, " represented themselves to be the owners of, and personally liable for, certain bank notes, to-wit: of the Agricultural Bank of Tennessee, as stockholders in said bank; which representations they made by their published card, printed in the paper of said county, and by their oft repeated verbal declarations, publicly made; that at the time, the defendants were, and for some years had been, doing business in said county as bankers; that in the course of their said business, they made the above representations; that by reason of these representations said bank notes obtained credit, and were received and paid by parties in business transactions in said county, as current funds; that relying upon these representations, the petitioner was induced to accept said notes as money; and that on or about the 8th of August, 1857, said defendants ceased to redeem said bank notes, according to the representations heretofore made, by reason of which failure by defendants, said notes had become, and then were, wholly worthless."

The petitioner then sets out the description of the notes held by him, and avers his property in them. It is then averred, that the defendants advertised to redeem said notes in currency at their counter in Polk county, but

Tarbell v. A. J. Stevens & Co.

have failed so to do, though requested by the petitioner. The plaintiff alleges that he is the holder of bills of the above bank, to the amount of $214, of the following description and denominations; namely, sixteen of one dollar each; twenty-four of two dollars each; thirty of five dollars each; one of which denominations is attached to his petition, with an averment that they are such bills, and that all of each denomination are precisely like the one attached, except the letters and the numbers, and he gives the number of each one under each letter.

The defendants demur to the petition for the reason, *First.* That plaintiff seeks to charge defendants for the debt of another, and does not allege the promise to be in writing, nor give a copy of it, nor a reason why such copy is not given ; *Second.* Because he does not show that the notes have been presented at the bank for payment; and *Third.* Because no copies are annexed.

The demurrer was overruled and judgment was rendered for the plaintiff. The defendants appeal.

*Cassady & Crocker*, for the appellant, cited the following authorities : *Spear* v. *Grant*, 16 Mass., 9 ; Code, sec. 2409; Angell & Ames on Corp., sec. 596, 597.

*A. V. White*, for the appellee, relied upon Angell & Ames on Corp., sec. 611; *Clark* v. *Terry*, 17 Shep., 148 ; *Allen* v. *Sewall*, 2 Wend., 327 ; Code, sec. 243 ; *Atwood* v. *R. I. Agricultural Bank*, 1 Rhode Island, 376 ; Story on Prom. Notes, sec. 228; 1 Par. on Cont., 227 ; *Bank of Niagara* v. *McCracken*, 18 Johns., 495 ; *Hoxton* v. *Bishop*, 4 Wend., 22 ; *New Hope Della Bridge Co.* v. *Perry*, 11 Ill., 467.

WOODWARD, J.—As to the third cause of demurrer, we are of the opinion that the annexation of one bill of each denomination, with the averments made by the plaintiff, and with a view to the known similarity of bank bills, is a sufficient compliance with the law in this respect. No

good object is perceived, for annexing the whole of the seventy-two bills. The defendant has perfect notice of the entire claim, and of each particular constituting it.

In regard to the second ground of demurrer—that it is not averred that the notes have been presented at the bank for payment,—in the present action this was not necessary. It has been held that this averment is not necessary, in an action against the maker, but that the defense of readiness to pay, should come from the defendant. *Games* v. *Manning*, 2 G. Greene, 251. And defendants are not sued as indorsers, but their position is more like that of the maker. They acknowledge their liability, which, under these circumstances, must mean an original one; and they promised the public to redeem at their counter, which they have refused. The question of presentation, or of notice, therefore, does not arise.

The first cause of demurrer is the objection under the statute of frauds. The promise, or undertaking, of the defendants, or the liability acknowledged, is not in the nature of an assumption to pay the debt of another. If the defendants are liable at all, it is upon an original and independent ground. The substance of the transaction is, that they, by their representations, gave credit, character, and currency to the notes, and caused them to be received in the community, (and by the plaintiff, among others), in business transactions. They were bankers in the county, and, in the first place, represented themselves liable for these bills, as stockholders. They may have been taken as sole stockholders in the bank, and owners of it. In the second place, they advertised that they would redeem the notes at their counter, in said county, which they refused to do, according to the declaration. Thus, by their representations of liability, and their proposing to redeem at their counter, they gave credit and currency to the bank bills, and caused them to be accepted as paper money of value. Upon what ground can they resist an accountability to the members of that public, which they have misled? The demurrer defends only by interposing the statute of

frauds. We have seen that this will not answer the case.

Neither is it sufficient to say, that there is no promise to any individuals. They occupied an important and a public position in relation to the business of the community, and in this position, and in direct reference to their relations to the business world, they make representations, and assume a duty, having a bearing upon the most vital element of that business; and their undertaking and promise, became a promise to every individual hearing them, and receiving the notes. It would not answer to hold, that men standing in such business relations, and making representations, important, on account of their wide bearing, could shelter themselves under this very generality, which constituted the greatest value of their undertaking. On the contrary, the design of this position was to affect individuals, and to actuate them in their business. The defendants must be considered as undertaking to every individual who saw their advertisement, or heard their representations.

It is the opinion of the court that the affirmations of the petition are sufficient to charge the defendants, and that the demurrer was properly overruled. The judgment of the district court is, therefore, affirmed.