JOSEPHINE WEISZ, Appellant, v. M. F. PRICE et al., Appellees.

**CONTRACTS:** Parties, Proposals, and Acceptances—Compliance with Advertisement. Where an advertisement, signed by an advertiser, offering a free trip to the Panama Exposition, was complied with by a reader, and his part of the agreement was fulfilled, a contract was established which was binding upon the advertiser, and upon which an action for its breach could be predicated.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

JULY 1, 1919.

ACTION by plaintiff, in which she seeks to recover of defendants certain sums of money which she alleges to be due her and her assignors, for expenses to the Panama Exposition, in San Francisco, under certain advertisements, which she alleges she acted upon. Certain of the merchants who were defendants filed a cross-petition against certain codefendants, asking equitable relief against them; but there is no appeal by them or by any of the defendants. The case was tried in equity, and the court decreed that the plaintiff was entitled to the reasonable value of 15 trips, and that the reasonable value of each trip was $85. Judgment was rendered against M. F. Price, operating under the trade name of Lyon-Taylor Company (it is conceded that

Price and the company are one and the same thing), for the full amount of the judgment, to wit, $1,275, and that, of said amount, judgment for $85 should be rendered against each of the other individuals, firms, and corporations, defendants herein, except Perkins Bros. Company, Tolerton & Warfield Company, and Johnson Biscuit Company; and for costs of the action against the Lyon-Taylor Company and Price, and one fifteenth of the costs against each and all of the other defendants severally, except the three above excepted, as to which last three the action was dismissed. The plaintiff appeals.—*Affirmed.*

*Shull, Gill, Sammis & Stilwill,* for appellant.

*Henderson & Fribourg, R. H. Munger, Berry & Berry,* and *Milton Remley,* for appellees.

PRESTON, J.—This is one of the cases resubmitted at the May, 1919, period, and for the first time assigned to the writer for the preparation of an opinion. The pleadings are quite complicated, and are contained in more than 50 pages of the abstract. The record before us does not show any appeal by any of the defendants. The only argument for any of appellees is by counsel for defendant Price. In that argument, his counsel seems to take the position that there is no liability against Price; but, as said, the record before us does not show any appeal by him. There seems to be a controversy between Price and the other defendants. Plaintiff argues, and cites authority to the proposition, that defendants are jointly liable; but they say in argument that plaintiff is not concerned about that, and that it is not material to her whether she has judgment against one set of defendants or another. From this we assume that her judgment is collectable either way. We are inclined to the view that those defendants against whom judgment was rendered, are jointly liable; but, under the circumstances stated, we think we ought not to spend any time on that proposition, and for the reasons

given, we do not determine that point.

As we understand the situation, the merchants were contending, in the court below, that Price was liable, and Price was contending that he was not liable, but that the others were; that he was simply their agent; but Price and his company were signers to the advertisements in the papers. We are at a disadvantage in not having argument for the other appellees, as to just what their position is; but, under the state of the record, and the claims now made in this court by plaintiff, that may not be very material, if the defendant Price and his company are liable. Counsel for appellee Price says, in argument, that he does not contend for a moment that the offers made in the advertisements, if accepted by anyone authorized to accept, do not become a contract between such person and the advertisers, and they concede that that rule is well established; but he says that this does not bind anyone except the advertiser. Said Price was one of the advertisers. He says further that the petition does not state a cause of action against Price, and that, if the record does not show plaintiff entitled to a judgment, then this court, being an appellate court in equity, should not sustain a judgment; and that this is so because this court has appellate jurisdiction in equity cases, and that the Supreme Court shall try such causes anew, and that, under the statute, this court may reverse, modify, or render such a judgment and decree as the trial court should have done.

As said, Price and his company were signers of the advertisements, and we think the statement of his counsel substantially concedes that, this being so, it makes a contract. At any rate, we think it does. See *Tarbell v. Stevens & Co.*, 7 Iowa 163; *White v. Elgin Creamery Co.*, 108 Iowa 522; *Minton v. Smith Piano Co.*, 36 App. D. C. 137 (33 L. R. A. [N. S.] 305, 308).

Plaintiff and her assignors, having fulfilled their part

of the agreement, are entitled to a money judgment. See cases cited infra on this point.

We shall now turn to the question as to the damages. There are several advertisements, and their style is quite flamboyant. They may have been made in California, where we hear so much about the sunny side of the sunny slopes of sunny southern California. This was doubtless to attract attention, and may have had a tendency to mislead. But after all, we must look to the advertisements, and see what is really promised. Appellant's contention is that they understood that defendants were to pay all expenses, and that, under Section 4617 of the Code, they, having so understood, are entitled to recover all expenses. The principal point in the case is as to the measure of damages, and that will be considered later.

It appears that, before the advertising campaign was put on, defendant Price entered into a contract with several of the merchants and dealers to furnish them with advertising matter and prizes under said contracts, which were contracts with the merchants separately; that, upon compliance by said merchants, respectively, with their contracts, he was to furnish said merchants transportation to the Panama Exposition, as specified in the contracts. The action was brought upon an alleged contract entered into with plaintiff and each of her assignors, by reason of offers contained in advertisements in the Sioux City Journal. It is also claimed by plaintiff that the contract also included representations orally made by one or two persons who were agents of the defendants; but defendant Price contends that such agents had no authority from him or his company to change or vary the contract, as contained in the printed advertisements in the paper. Plaintiff contends that she and her assignors accepted the terms, and that they complied therewith; and that all defendants who were responsible for said advertisements acknowledged that

plaintiff had so complied; that defendants have failed and refuse to fulfill their contract. Specific performance was asked, and in lieu thereof, damages for a breach of the contract.

Specific performance is, of course now out of the question, the Exposition being over; and this being so, plaintiff is entitled to recover a money judgment for the value of the things promised. As bearing on this, see *New York News Pub. Co. v. National Steamship Co.*, 148 N. Y. 39 (42 N. E. 514); *Scott v. Wilson*, 185 Iowa 464. We do not understand this proposition to be disputed in argument, the defense being on other grounds. As said, there were numerous defenses by the different classes of defendants, but, as we understand the record, they practically concede that they are liable to plaintiff in the sum of $85 for each trip, for those who complied·with the advertisements, and to cover the items set out in the stipulation. The principal defense of.Price is that there was no privity of contract between plaintiff and him; but, as we have already stated, he or his company was one of the advertisers. The contracts between Price and the merchants were not a part of the advertisements. As we understand it, said defendant concedes that the advertising, acted upon by plaintiff, would constitute a contract. It is true that, running through the advertisements, there are expressions that the merchants are furnishing these trips, and that they have employed Lyon-Taylor Company; but the advertisements, or some of them, purport to be signed by said company, the same as other parties. One advertisement says that the merchants have employed Lyon-Taylor to manage the wonderful affair, and that a square deal is assured and guaranteed by their names alone.

But since the principal question in the case is as to the damages, we will now proceed to that question. We are at a disadvantage on this question because, as said, appellees,

other than Price, have made no argument, so that we do
not have the theory of said defendants nor of the trial
court in fixing the value of the round trip at $85. Price is
claiming that he is not liable at all. There are a number of
the advertisements, and they are quite long. We shall set
out one, to show the general character thereof, and then
attempt to cull from the others the points relied upon by
plaintiff and appellee, and so much only as may have a
bearing upon the question of damages. Before setting out
the advertisements, it may be well to set out a stipulation
which was made during the trial, and which covers the
items which the merchants claimed they were to furnish,
under the advertisements.

"It is stipulated and agreed by and between all of the
parties that the actual cost of one first-class fare from
Sioux City, Iowa, to San Francisco, California, and re-
turn, and one standard sleeper berth from Sioux City, Iowa,
to San Francisco and return, and five admissions to ex-
position grounds and admissions to five amusement attrac-
tions within the exposition grounds, one steamer trip on
San Francisco Bay, including trip to Vallejo and Mare Is-
land Navy Yard, one trip to Mount Tamalpais and Muir
Wood, with ride on crookedest road in the world, and one
round-trip fare from San Francisco to Sacramento and re-
turn, is $85."

On August 3, 1914, defendants caused to be published
in the Sioux City Journal, the following:

"Meet me at the Golden Gate.

"Hear Ye! Hear Ye! Hear Ye!

"Announcement Extraordinary!

"The greatest advertising campaign ever attempted in
this city about to commence.

"The Journal is going to send five young ladies to the
Panama Exposition absolutely free.

"They will go first-class in a Pullman car, and even

their admission to the grounds and trips to points of interest in vicinity will be paid.

"The largest and best wholesale and retail merchants in this city will be represented in this gigantic plan, and very soon throughout this city and state 'Meet me at the Golden Gate' will be the morning salutation and the afterthought when last good nights are spoken by scores and hundreds of girls in this city and community when they realize that a great many of them are going to the most wonderful exposition ever proposed by man.

"The attention of the whole world is now centered on the Golden Gate, and, as man's thoughts in fancy ever travel with the setting sun, so you are about to set out on a trip which will be the most wonderful experience of your life, without the cost to you of a single penny.

"The most energetic, progressive merchants in your city have enlisted the services of the Lyon-Taylor Company to manage this stupendous affair, and these trips are to be awarded by them as an appreciation of your patronage in the past and your friendship in the future.

"This undertaking is the most stupendous plan of the kind ever attempted in this state or in the United States. So watch this paper for announcements which will tell you how to win, and cut out the coupon at the bottom of this page. It is the most valuable piece of paper you have ever seen in this publication. Save it as you would a treasury note; sign your name and have it ready to turn in to your local merchant when the time comes.

"Be Prepared, Be Ready, Be Watchful—
"Be Among Those Who are Going!
"Advance Certificate
"Name ...........................................
"Address ......................................."

Another advertisement appeared August 5, 1914, of similar character, and another August 8th, another August

21st, another the 23d, and some of later dates. Some of these contain lists of the names of those concerned in the scheme. In the issue of November 22, 1914, was an announcement of the winners. One of the advertisements contains the statement that hundreds of girls from Sioux City and community are going to the Exposition, and that the tour will not cost them a single penny. The advertisements state in glowing colors the different things that may be seen in a trip to the Golden Gate and the Exposition. Appellant contends that, from these expressions, all the plaintiffs were justified in believing that all expenses, meals, and other incidentals would be paid for, no matter what the tastes of the different winners might be, or the length of time they wanted to stay, and what side trips the different ones would choose to make. Appellant does not put it in just this way, and yet it seems to us this is the effect of their argument. The things that were to be furnished, such as railroad fare, Pullman berths, and other things mentioned in the stipulation, were named. It occurs to us, without having argument on the point, that the advertisements are not broad enough to cover other items, and that the general terms used in a boomer advertisement are too indefinite upon which to base a recovery in damages in the same definite amount for each prize winner. One of them might wish to take three months for the trip; another, a week or two; one might desire to stop at the most expensive hotels; and another be satisfied with less expensive ones; one might wish to take in more than the five amusement attractions mentioned, within the Exposition grounds; another might wish to attend the Exposition grounds more than the five times mentioned; another might wish to substitute one trip for another that would be more expensive. Many similar circumstances might be enumerated. There is evidence that some of defendants' agents represented that the trip would cover 30 days, and be worth from $250

to $350; but the matter of such representations has been referred to. There is evidence by certain young ladies who made the trip to San Francisco, and also to the fair in St. Louis, who say that, from their experience in traveling, the expenses incident to such a trip would be $5.00 or $6.00 per day. Appellant contends, therefore, that plaintiff and each of her assignors are entitled to recover, in addition to the stipulated sum of $85, the incidental expenses covering a period of 30 days, and to the amount of $5.00 or $6.00 per day. But we think there is no substantial basis in the record for such a claim. Appellant concedes in argument that, in the printed itinerary, nothing whatever is said about the cost of the trip, or whether the trip would be free, and wholly without cost to those taking it, or whether the latter would be required to pay their so-called incidental expenses; that the itinerary, as already stated, was nothing more nor less than a recital of some of the points of interest that the tourist would visit, to which points transportation would be furnished by the defendants: but they say that this was not a limitation upon the printed and verbal promises that were made to plaintiff and her assignors, through other and different channels. We think the matter of taste and desires of different persons would make it too uncertain to fix a definite amount, so that persons would make the trip without costing them a penny. It is simply a matter of construing the conceded contract by the advertisements.

Without prolonging the opinion, we conclude that the trial court adopted the only reasonable rule as to the measure of damages. We reach the conclusion that the judgment of the district court ought to be, and it is,—
*Affirmed.*

LADD, C. J., EVANS and STEVENS, JJ., concur.