SARAH KUNDER, Respondent, *v.* PURCHASE HOLDING COMPANY, Appellant.

First Department, May 16, 1919.

**Landlord and tenant — negligence — liability of owner of tenement house for negligence in failing to light stairways — duty of landlord under Tenement House Law, section 76, to light public halls — duty at common law.**

Under section 76 of the Tenement House Law there is no duty upon the owner of a tenement house to have a light upon the fourth floor at or about seven o'clock in the morning, and at common law there is no duty on a landlord to have any lights in public halls.

Hence, in an action to recover for personal injuries resulting from a fall while descending to the fourth floor of defendant's apartment house, upon the sole ground that the defendant was negligent in failing to properly light the stairway, it was reversible error for the court to charge in effect that it was the duty of the defendant to have lights on the fourth floor.

APPEAL by the defendant, Purchase Holding Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York

on the 11th day of November, 1918, upon the verdict of a jury for $600, and also from an order entered in said clerk's office on the 26th day of November, 1918, denying defendant's motion for a new trial made upon the minutes.

*G. Everett Hunt* of counsel [*Walter G. Evans,* attorney], for the appellant.

*George M. Curtis, Jr.,* of counsel [*Leonard F. Fish* with him on the brief; *Morris Streusand,* attorney], for the respondent.

PAGE, J.:

The action was brought to recover damages for injuries sustained through the alleged negligence of the defendant. The plaintiff resided with her sister in the premises owned by the defendant. She resided on the fifth floor of an apartment house. On the morning of the 31st day of January, 1917, at about seven A. M., the plaintiff was descending the stairway. This stairway consisted of two sections: First, seven steps to a landing and then a turn to the right and one step to another landing, then down the second section of the stairway another seven steps to the floor below, the second section of the stairway running in the opposite direction to the first. It is conceded that the plaintiff fell while proceeding from the top to the fourth floor when about to descend the second section of the stairway.

The sole claim of negligence is the failure on the part of the defendant to properly light the stairway. The learned trial justice charging the jury stated that it was conceded that: " There was no defect in the structural make-up of those stairs. There was no accumulation on which one could fall or slip or trip, so far as the evidence in this case shows, and no obstruction. The only ground for liability is that it was claimed that the stairs were so dark that one could not safely go down," and he submitted the question to the jury as to whether under the evidence the stairways were dark. The defendant's attorney requested the court to charge that there was no duty on the part of the defendant to have a light on the fourth floor; that is, the floor to which she was going at the time of the accident, to which the court replied: " Well,

it was its duty to light that stairway, and I am going to leave it right there," to which the defendant excepted.

The defendant's attorney then made this request: " I ask your Honor to charge the jury that the statute provides that lights shall be on the ground floor and the third floor and the fifth floor, and that there is no duty on the part of the defendant to have lights on the other two floors. The Court: Well, I will not charge that in that language."

Section 76 of the Tenement House Law (Consol. Laws, chap. 61 [Laws of 1909, chap. 99], as amd. by Laws of 1911, chap. 388) provides:

" Public halls. In every tenement-house a proper light shall be kept burning by the owner in the public hallways, near the stairs, upon the entrance floor, and upon the second floor, above the entrance floor of said house, every night from sunset to sunrise throughout the year, and upon all other floors of the said house from sunset until ten o'clock in the evening. This section shall also apply to cities of the second class."

From the foregoing section of the Tenement House Law it very clearly appears that there was no duty under the statute upon the defendant to have a light upon this fourth floor at or about seven o'clock in the morning. There is no common-law duty on the landlord to have any lights in the public halls. That this charge was highly prejudicial is very evident, because the judge practically charged the jury that it was the duty of the landlord to light the particular stairway upon which the plaintiff fell. This necessitates a new trial.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.