ANNA L. STACY, Respondent, *v.* HYMAN SHAPIRO and Another, Appellants.

First Department, May 1, 1925.

Negligence — action to recover for injuries suffered when plaintiff fell through open door in defendants' apartment house in daytime — plaintiff was distributing soap coupons to residents — plaintiff was licensee only — defendants owed no active vigilance — defendants not obliged to provide artificial light in hall (Tenement House Law, § 76) — no liability under Building Code of City of New York, § 159, subd. 2.

The plaintiff, a distributor of soap coupons, who was injured by falling through an open door in a hallway in defendants' apartment house, where she had gone without invitation for the purpose of distributing coupons to the residents of

the apartment house, was a mere licensee while in the apartment house, towards whom the defendants owed no duty of active vigilance, and they are not liable for the injuries she suffered, since there is no proof of affirmative acts of negligence on their part.

The court improperly submitted to the jury the question whether or not the defendants used due care in maintaining and lighting the premises, for the defendants were under no obligation to maintain artificial light in the hallway of the apartment house during the daytime (Tenement House Law, § 76), and that obligation was not imposed upon them by subdivision 2 of section 159 of the Building Code of the City of New York, for that subdivision merely requires that provision shall be made in the construction of the building for adequate lighting by artificial light and does not relate to supplying artificial light during specified hours.

APPEAL by the defendants, Hyman Shapiro and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of May, 1924, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 26th day of May, 1924, denying defendants' motion for a new trial made upon the minutes.

*William Butler* [*George F. Hickey* of counsel], for the appellants.

*Bijur & Herts* [*Harry Bijur* of counsel; *Victor J. Steinberg* with him on the brief], for the respondent.

FINCH, J.:

Plaintiff was employed as a demonstrator by Kirkman & Son, a manufacturer of soaps and washing powders. Her duties were to call on housewives for the purpose of procuring business for her employers. She would leave a coupon and explain that by taking the coupon to a grocery store, a sample of the Kirkman product would be presented. Incidentally, the plaintiff would explain to the housewives the merits of the product.

In the performance of her aforesaid duties, the plaintiff entered the defendant's premises, an apartment house, through an open door, knocked at the first door in the main hallway, and receiving no response, walked along the hallway towards the rear. After passing the main stairway leading up, she turned into an " L " or turn in the main hallway and approached what appeared to be a door. She testified that the illumination was poor, the light being sunlight which came in through the front door, and that she walked slowly, feeling her way, when she fell through an open door leading to an exit to the areaway and down a short flight of steps. The accident happened on August 30, 1921, at nine o'clock in the morning of a bright, clear day.

One of the questions involved is the degree of care which the

owner of the apartment house owed to the plaintiff. If she can be said to have been invited upon the premises, then the owner must show freedom from any lack of care which would amount to passive negligence, but if the plaintiff had not been invited and all that can be said is that the owner did not forbid or interfere with the coming upon the premises by the plaintiff, then the plaintiff at the most was a licensee, who must take the premises as she finds them, and the measure of the obligation of the defendant was to abstain from acts which would amount to affirmative negligence. Clearly the plaintiff had not been invited by any one. She went upon the premises in her own interest and that of her employers. Concededly, the housewives upon whom she intended calling did not know that she was coming. It thus appears that there was no invitation in fact. The plaintiff argues that she intended giving away the aforesaid coupons, and would have been welcomed by the housewives if her message had been known, and, therefore, that an invitation might be implied. This obviously is unsound. What reception the plaintiff would have received is but speculation, which emphasizes the fact that she had not been invited. If it should be held that under the aforesaid circumstances, an invitation had been extended in law, then all the distinction which experience has evolved between those who are licensees and invitees, would be wiped out. The plaintiff, therefore, at the best was only a bare licensee upon the premises, and to such the owner was under no duty except to refrain from affirmative acts of negligence. As was said by GRAY, J., in *Cusick* v. *Adams* (115 N. Y. 55): " The principle is now well settled by repeated adjudications, in this country and in England, that where a person comes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; for such person has taken all the risk upon himself. The theory of liability in negligence cases is the violation of some legal duty to exercise care."

No affirmative acts of negligence were shown or attempted to be shown by the plaintiff. While the trial court charged the jury that there was no evidence in the case that the defendant had violated either a statutory or a common-law duty so far as the question of light was concerned, the court nevertheless submitted the case to the jury upon the question of whether the defendant had used due care in maintaining and lighting the premises. There was no claim of any negligence in the maintenance of the premises except in so far as the failure to light the hallway adequately is concerned and the latter is the only point upon which the respondent

relies on this appeal. Mere darkness in a hallway at nine o'clock in the morning cannot be held to be an affirmative act of negligence of which the plaintiff, as a bare licensee, can take advantage. There is no common-law duty to furnish artificial light. By statute, it becomes necessary to furnish the same in certain hallways but only between the hours of sunset and sunrise. (Tenement House Law, § 76, as amd. by Laws of 1911, chap. 388; since amd. by Laws of 1923, chap. 796.) As was said by this court in *Lindsley* v. *Stern* (203 App. Div. 615, 617): " There is no common-law obligation on the landlord to provide artificial light for any portion of the premises. (*Brugher* v. *Buchtenkirch*, 167 N. Y. 153; *Hilsenbeck* v. *Guhring*, 131 id. 674; *Kunder* v. *Purchase Holding Co.*, 188 App. Div. 94, 96.) If there had been such a common-law duty, it would not have been necessary to impose upon the owner of tenements the obligation, by statute, to light the hallway on certain floors at specified hours. A person who goes into a dark place knowing that no light is provided, must provide his own means of illumination or assume the risk of a safe passage."

The respondent relies upon subdivision 2 of section 159 of the Building Code of the City of New York, which provides:

" 2. Lighting. Provision shall be made for the adequate lighting by artificial light of all stairways, hallways and other means of exit required by this article." (Code of Ordinances of City of New York, chap. 5, art. 8, § 159, subd. 2; Cosby's Code of Ordinances [Anno. 1925], p. 81.)

Obviously this only has to do with the provision to be made in the construction of the building and does not relate to supplying artificial light during specified hours, which, as noted, is governed by the Tenement House Law. As against the plaintiff, therefore, the defendant was guilty of the violation of no legal duty and this ground is sufficient to compel a reversal of the judgment and the dismissal of the complaint.

This disposition of the case renders it unnecessary to consider the point also urged by the appellants that since the plaintiff proceeded along a dark hallway in unknown premises she assumed the risk of falling and was guilty of negligence which would preclude a recovery. In this connection, however, the case of *Brugher* v. *Buchtenkirch* (*supra*) may be noted as having an important bearing. In that case the court in nonsuiting the plaintiff said: " It was a bright clear day when the plaintiff entered the building, and it may very well be that coming from the sunlight outside into the comparative darkness of the hallway at first she could not see at all, though it appears that the witness who went to her relief on the occurrence of the accident had no difficulty in seeing her and

the surroundings. But whatever may be the reason that the plaintiff was unable to perceive the condition of the hall, that inability imposed upon her the duty of exercising greater caution or of refraining from proceeding further in the building without first finding out where she might safely go. One is not justified, unless under some special stress of circumstances, in going on a tour of discovery in a strange building when it is so dark that he is unable to see where he is going or with what obstructions he may meet."

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., and MARTIN, J., concur.

MERRELL, J.:

I concur in result. I think plaintiff was a trespasser to whom defendant owed no duty whatever. Plaintiff assumed all the risks attending her unbidden entrance upon defendant's premises.

Judgment and order reversed, with costs, and complaint dismissed, with costs.