ROSE GORDON, as Administratrix, etc., of ELIAS D. GORDON, Deceased, Respondent, v. MORRIS M. STONE, Appellant.

Second Department, January 14, 1927.

Landlord and tenant — action for death of plaintiff's intestate caused by alleged defects in stairs in defendant's building — intestate was guest of tenant — building, two-family and store, excepted from requirements of New York Building Code, § 153, subd. 4, by § 151 — stairs were not inherently dangerous — building was not tenement house and negligence cannot be predicated on absence of artificial light — certificate of occupancy issued short time before accident justified defendant in leasing premises in absence of obviously dangerous condition.

The plaintiff cannot recover for the death of her intestate which was caused by alleged defects in the stairs of a two-family and store building owned by the

defendant, in which the intestate was at the time of the accident a guest of one of the tenants, since the premises were excepted by section 151 of the New York Building Code from subdivision 4 of section 153, and since the evidence fails to establish that the stairs were inherently dangerous. Furthermore, negligence cannot be based upon the absence of artificial light, since the building is not a tenement house.

The building department certificate of occupancy issued shortly before the accident justified the defendant in leasing the premises in the absence of some obviously dangerous condition from which legal notice to him could be ascribed.

APPEAL by the defendant, Morris M. Stone, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 17th day of February, 1926, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 5th day of March, 1926, denying defendant's motion for a new trial made upon the minutes.

This action is to recover damages for the death of plaintiff's intestate who died as a result of injuries suffered when he fell down stairs in a two-family and store building owned by the defendant and rented to tenants, the ground floor being rented for store purposes and the two upper stories for dwelling purposes. At the time of the accident the intestate was a guest of one of the tenants. The defendant reserved control of the hall and stairways.

*George F. Hickey* [*Alfred W. Andrews* with him on the brief], for the appellant.

*James A. Gray Henry J. Beilman* and *William S. Butler* with him on the brief], for the respondent.

PER CURIAM. The premises were not subject to the requirements of subdivision 4 of section 153 of the Building Code. They were excepted by section 151, and this was acquiesced in and, indeed, asserted by plaintiff's counsel on the trial. The case for plaintiff is, therefore, remitted to the proposition, whether the construction of the stairs was inherently dangerous. We are of the opinion that the evidence fails to establish it. It was conceded that this was not a tenement house. Negligence cannot, therefore, be predicated on the absence of artificial light. (See *Stacy* v. *Shapiro*, 212 App. Div. 723, 726.) The defect in the stairs now asserted relates to the height of the risers and as to that the evidence did not establish it to be unusual or dangerous, or of such a construction that a fall by its user should reasonably have been anticipated. Moreover, the building department's certificate of occupancy of this new building, issued such a brief period prior to the accident, justified the defendant's leasing of the premises in the absence of some happening or of an obviously dangerous condition from which legal notice to him could be ascribed.

The judgment and order should be reversed upon the law and the facts, with costs, and the complaint dismissed, with costs.

KELLY, P. J., JAYCOX, MANNING, KAPPER and LAZANSKY, JJ., concur.

Judgment and order denying motion to set aside verdict reversed upon the law and the facts, with costs, and complaint dismissed, with costs.