GRACE M. CARPENTER, Plaintiff, *v.* GEORGE L. SCHEIFELE, Defendant.

Supreme Court, Madison County, July 30, 1929.

*Coley & Kiley,* for the plaintiff.

*Coville & Santry,* for the defendant.

SENN, J. Plaintiff, who occupied a flat on the second floor of defendant's building in Oneida, was on the evening in question called to the third floor by the illness of a tenant there. She went from her room through the hallway up a flight of stairs to the third floor and to the room of the sick woman. Then she went back to her own room for some smelling salts and returned to the patient, going from there to the room of another tenant on the third floor to call a doctor. Leaving there she fell down the same stairway she had just used three times in going up and down. The alleged negligence was the failure to have the halls and stairway lighted.

The provisions of the Tenement House Law in regard to the lighting of hallways only apply to cities of the first and second class. That there is no common-law obligation to maintain such lights is too well settled by numerous authorities to require their citation here.

The only theory on which the case was submitted to the jury

was the general obligation of landlords to provide buildings reasonably safe for persons lawfully using them and free from defects which in themselves constitute a menace to safety; and the fact that a light, which was usually kept burning at the head of this stairway and may have lulled the plaintiff into a sense of security, was not burning that evening.

I am of the opinion that there was no question for the jury. The plaintiff must have known the light was not burning that evening and its absence did not of itself constitute a latent defect or menacing danger which could not have been avoided by a person in the exercise of ordinary diligence.

The verdict must be set aside.

Submit order.