NORRIS LUNDE, Respondent, v. NORTHWESTERN MUTUAL SAVINGS & LOAN ASSOCIATION, a Corporation, Appellant.

(231 N. W. 609.)

Opinion filed June 28, 1930.

*Conmy, Young & Conmy,* for appellant.

*Sinkler & Brekke,* for respondent.

BURKE, Ch. J.   The plaintiff brings this action for a personal injury received in a fall on the steps, as he was entering an apartment house belonging to the defendant in the city of Minot.

At the close of plaintiff's case, the defendant moved to dismiss the action upon the ground, that there was no evidence of any negligence on the part of the defendant, and that it affirmatively appeared from the evidence, that the plaintiff's injury was caused by his own negligence. The motion was overruled, and at the close of all the testimony the defendant renewed his motion, and moved for a directed verdict which was overruled, and from a judgment entered upon the verdict of the

jury the defendant appeals, alleging as error the overruling of his motion for a directed verdict.

The plaintiff at the time of the accident was, and for eighteen months prior thereto, had been living with his mother who occupied, and had occupied for six years, an apartment in the defendant's building. There were five other tenants in the apartment house who used the steps to enter the building. About four years before the accident the wooden steps which had been there were removed and cement steps were built. There are six steps in all, which according to the testimony of plaintiff's mother, were about 12 inches wide near the wall and tapered out to about an inch on the other end. There was no light over the steps, and while there was a place for a light, there had never been a light there. To the west of the steps there is an area-way for a basement window which is surrounded by a railing of two pipes which follows the steps up and are fastened to the building. The witness had seen the janitor making repairs in the building. This testimony is corroborated by the plaintiff, who further said, "It is a circular stairway and that between 12:15 and 12:30 of October 21st I came home from a dance with my sister and a Miss Shaber. My sister and Miss Shaber went up the stairs ahead of me. My sister was at the top, and Miss Shaber was about half way up when I fell. I followed the other two and slipped on the second step. I was going carefully and thought my foot was secure. I fell backward and tried to grab for something, but couldn't catch anything. There was no light, it was dark and I couldn't see at all. I lived at this place about a year and eight months prior to the accident, and used this entrance every day about six times a day. I used them after dark about once a day. I go up and down these steps now with my crutches."

Plaintiff's sister, Alice Lunde, testified, "I was with the plaintiff on the night of the injury. There was no light, and no light in the hall. The light in the hall is used by various occupants to light up the hall. They have to turn it on themselves, and lots of times it isn't on. I walked up the stairs ahead of Miss Shaber and my brother. I reached the top and turned around just in time to see Norris slip on the step and grab for the stone wall. There is a railing that you can hold on to for about three steps on the right hand side. A light was put in above the door in December, sometime after the accident. I was up the

steps and had hold of the screen door when my brother fell. The switch for the hall light is right by this door as you go up, but I did not turn it on."

It is undisputed, that the total width of the steps is 52 inches and that the width of the steps at the center is nine inches.

It is the contention of the plaintiff, that the defendant was negligent in the construction of the steps, and in the failure to keep the same lighted and cites and relies on the case of Gallagher v. Murphy, 221 Mass. 363, 108 N. E. 1081, Ann. Cas. 1917E, 594. This case states the law clearly and holds, that, "It is familiar law that a tenant commonly takes premises as he finds them, with no duty on the part of the landlord to look after their safety. But where the landlord retains in his possession and control the common halls and passageways, the law imposes a duty, which may rest only upon implication or may be defined and specified by the terms of the contract of letting, to keep them in the same condition as to safety in which they are or appear to be at the commencement of the tenancy. Miles v. Janvrin, 196 Mass. 431, 13 L.R.A.(N.S.) 378, 82 N. E. 708, 124 Am. St. Rep. 575, id. 200 Mass. 514, 86 N. E. 785. There is no obligation under ordinary circumstances, in the absence of express or implied agreement or statutory obligation, on a landlord to light common passageways. Stone v. Lewis, 215 Mass. 594, 50 L.R.A.(N.S.) 471, 104 N. E. 284, Ann. Cas. 1914D, 591. See Ann. Cas. 1914D, 592, note for further cases. Any duty in this respect in the case at bar must rest on contract. Flanagan v. Welch, 220 Mass. 186, 107 N. E. 979." In the said case of Gallagher v. Murphy it is said, "There was evidence which would support a finding that is a part of the contract of letting, the defendant as landlord agreed to light the common hallway. It was conceded that it was the duty of the defendant to cause the gas to be lighted on the first floor and to be turned off at about ten o'clock each evening by means of an apparatus in the basement. It appears also to have been the duty of the defendant to maintain in repair the gas fixture in the common hallway on each floor. The point of doubt relates to the lighting of the gas on the third floor. There was testimony to the effect that from the beginning of the tenancy it was the custom of the janitor of the building, an employee of the defendant, to light or cause to be lighted the gas on that floor. The wife of the tenant testified, that

frequently she had complained about the hallway light to the agent of the defendant, and that then the lights would be lighted all over the building, and that at the time of the accident no lights were lighted in any hallway. Under all the circumstances, although the case was close, it should have been submitted to the jury." To the same effect is Faxon v. Butler, 206 Mass. 500, 138 Am. St. Rep. 405, 92 N. E. 707, 19 Ann. Cas. 666.

There are no such circumstances in the case at bar, the defendant never assumed the responsibility of lighting the light in the hall, or placing, or lighting a light over the steps in question. The evidence is that there never was a light there, and that while there was a light in the hall it was never lit by the defendant, but always by the tenants. Marvin v. Peabody, 228 Mass. 432, 117 N. E. 847, cites and follows Gallagher v. Murphy, 221 Mass. 363, 108 N. E. 1081, Ann. Cas. 1917E, 594, the court said: "The defendants had provided the means and assumed the duty of lighting."

In the case of Gleason v. Boehm, 58 N. J. L. 475, 32 L.R.A. 645, 34 Atl. 886, the Supreme Court of New Jersey held, that a landlord is required to take reasonable care to have the common halls and stairways reasonably fit for use for the passage of the tenants, but he is under no obligation to furnish means for their safe use. He is therefore under no duty (unless assumed by contract) to furnish light at night although such light may be necessary for safe use.

The latest case is the case of Carpenter v. Scheifele, 134 Misc. 637, 236 N. Y. Supp. 299, in which it is held, "That in an action for injuries to a tenant sustained in falling down an unlighted stairway of a tenement building, absence of light on stairway did not of itself constitute a latent defect or menacing danger which could not have been avoided by a person in exercising ordinary diligence." To the same effect Stacy v. Shapiro, 212 App. Div. 723, 209 N. Y. Supp. 305; Lindsley v. Stern, 203 App. Div. 615, 197 N. Y. Supp. 106.

"The general rule is that the owner of a building who lets portions thereof to different tenants, retaining control over the hallways and passageways, is under no obligation to light such ways. See the note to Huggett v. Miers, 14 Ann. Cas. 760."

If there is some hidden defect in the premises, or danger which is known to the lessor at the time of making the lease, but which is not

apparent to a lessee, the lessor is bound to inform the latter thereof. In this case there is no claim of a hidden defect. The contention is that the steps were too narrow on one side. This was not a hidden defect. It was plainly visible to the tenants and to the plaintiff who had·gone up and down the steps several thousand times. Besides there is no evidence that the plaintiff was injured on the narrow portion of the stairs. The evidence shows that the plaintiff, his sister, and Miss Shaber went up the stairs single file. The plaintiff testified, "My sister went up first, Miss Shaber followed her, I was last. As I stepped upon the second step I thought I was secure there. I was about to step on the next step when I fell." He does not say that he did not have room on the second step. He said he thought his foot was secure, and he was about to take another step when he slipped. There was no hidden danger in the step, and there is no evidence that they were not in the same condition that they were in at the time the premises were leased. There being no evidence of any negligence on the part of the defendant, the question of the contributory negligence of the plaintiff need not be considered.

The judgment of the lower court is reversed, and the action is dismissed with costs to the defendant.

CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.