GLEICH *v*. DETROIT FREE PRESS.

1. LANDLORD AND TENANT—LIGHTING STAIRWAYS—NEGLIGENCE—
   TRIAL—DIRECTING VERDICT.
   The owner or landlord of a building is under no obligation to a
   licensee in the building to provide lights in a dark staircase
   which is properly constructed with a hand rail and contains
   no dangerous defects.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   *Held,* that plaintiff was guilty of contributory negligence in
   falling down an unlighted staircase.

Error to Wayne; Mandell, J. Submitted October 12,
1910. (Docket No. 46.) Decided March 29, 1912.

Case by Adolph W. F. Gleich against the Detroit Free
Press and Martin Campbell. A judgment for defendants
on a verdict directed by the court is reviewed by plaintiff
on writ of error. Affirmed.

*Charles L. Bartlett* and *Charles Englehard,* for appellant.

*Angell, Boynton, McMillan & Bodman,* for appellees.

BIRD, J. The plaintiff assigns error in this case because
of the action of the trial court in directing a verdict in
favor of the defendants.

Plaintiff is a musician and during the summer of 1906
was employed by Mr. Al A. Green as a member of his
military band. Green contracted with the defendant Free
Press to furnish Saturday evening concerts with his military
band near the Free Press building. Defendant
Campbell was the owner of the Lafayette Theater, and his
permission was obtained for the musicians to occupy
gratis the balcony in front of the theater, which adjoins

the Free Press building. The balcony was reached by means of the gallery entrance and stairs and by crossing a hall on the second floor and going through Dr. Campbell's office. Plaintiff had no difficulty in reaching the balcony on the evening of the first concert. When the concert was over, he took his musical instrument in one hand and his music rack in the other and started down the stairs. After descending a few steps and while attempting to cross to the side where the railing was, he lost his balance and fell and sustained serious injuries. He does not make it clear what caused him to fall. He charges that his fall was due to the negligence of the defendants in failing to sufficiently light the stairs. The only light there was in the entrance, stairs, and upper hall came through the open doors into the street and through the open door into Dr. Campbell's office. The stairs were eight feet wide and had a midway landing; they were covered with rubber matting, and were provided with a hand rail at the side.

At the conclusion of plaintiff's testimony, the defendants moved for a directed verdict on the grounds that no negligence on the part of defendants had been shown and because the plaintiff himself was guilty of negligence which contributed to his injury. The trial court took the defendants' view of the case and directed a verdict in their behalf. The important question for our consideration is whether the trial court was in error in so doing.

The plaintiff went upon the premises in question by the express invitation or permission of the defendants. Under these circumstances, it was their duty to see that the premises were in a reasonably safe condition of repair. The declaration does not allege, and the testimony does not disclose, that the injuries were incurred by reason of any structural defects in the hallway or stairs, and it is not claimed that the injuries were caused by any pitfalls or traps so far as construction was concerned, nor that there was any unusual or dangerous construction which would

amount to a pitfall or trap. The negligence of the defendants is based solely upon their failure to light the hallway and stairs. In the absence of contract or statute, we think no such duty rested upon the defendants. To require the owner or landlord to provide lights, at all times at his peril, for his halls, stairs, toilets, and other places used in common by his tenants, would add an additional duty which the law does not justify. The cases in which recoveries have been sustained for a failure to light such places have been confined to those cases where the darkness has concurred with some pitfall, trap, or unusual construction to produce the injuries. We have found no authority holding otherwise. This view of the law is in accord with the holdings of the court in several States. *Capen* v. *Hall*, 21 R. I. 364 (43 Atl. 847); *Gleason* v. *Boehm*, 58 N. J. Law, 475 (34 Atl. 886, 32 L. R. A. 645); *Hilsenbeck* v. *Guhring*, 131 N. Y. 674 (30 N. E. 580); *Brugher* v. *Buchtenkirch*, 167 N. Y. 153 (60 N. E. 420); *Halpin* v. *Townsend*, 2 City Ct. R. (N. Y.), affirmed 107 N. Y. 683 (14 N. E. 611).

We are of the opinion that the trial court was not in error in holding that no negligence had been shown upon the part of defendants, and we are likewise of the opinion that no error was committed in holding that plaintiff was not free from negligence. The testimony shows that when plaintiff went up the stairs he noticed that they were not lighted. He must also have noted the construction of the stairs and the position of the hand rail. His physician testified that he was affected with presbyopia, a hardening of the lenses, making it difficult for the eyes to adjust themselves readily to the sudden changes of light. When he started to go down the stairs, if the light was insufficient to enable him to see where he was going, he should have asked for more light, or requested some one to assist him, and, if he was unsteady, he should have gone directly to the side where the railing was and taken hold of it before starting down. His failure to ob-

serve these simple precautions for his own safety constitutes negligence upon his part. *Campbell* v. *Abbott*, 176 Mass. 246 (57 N. E. 462); *Gleason* v. *Boehm, supra.* The judgment of the trial court is affirmed.

Brooke, Blair, Stone, and Ostrander, JJ., concurred in the result.