[No. 19175.   Department Two.   August 21, 1925.]

Hugh McGinnis, *Respondent*, v. L. C. Keylon *et al.,* *Appellants.*[1]

Landlord and Tenant (77)—Injuries From Dangerous Premises —To Tenant and Guests—Negligent Construction—Lights and Guards in Passageways.   While the fact that the landlord maintained no guard-rail around light wells close to a passageway may not be actionable where the tenant took the premises with knowledge of such construction, yet it is proper to consider the fact in connection with alleged negligence in failing to keep the passageway lighted at night, and instructions to that effect are not erroneous.

Same (77).   The landlord of apartments owes the duty to tenants to keep the passageways lighted, where they remain in his control and, because of their construction, lights were necessary for their reasonable safety; especially where, at the time of the letting, they were lighted in a particular manner and not safe unless so lighted.

Damages (126)—Assessment—Instructions—Measure of Damages for Injury to Person—Permanent Injuries.   Where there was evidence that, by an injury through torn tissues, a foot would in the future be more susceptible to a similar injury, and there was no other evidence of permanent injury, the jury could not have been misled by an instruction allowing recovery for the consequence of the injury established by the evidence to a reasonable certainty, future as well as past.

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered June 23, 1924, upon the verdict of a jury rendered in favor of the plaintiff in an action in tort, on a trial of the merits. Affirmed.

*Harcourt M. Taylor,* for appellants.
*Snively & Bounds,* for respondent.

Fullerton, J.—The appellants, Keylon and Leckey, are the owners of an apartment house, located in the city of Yakima.   The house has three stories, in each of which are apartments which the appellants let for

[1]Reported in 238 Pac. 631.

hire. The lower floor has a basement effect; that is to say, it extends below the natural surface of the ground some four feet. The house fronts upon one of the main streets of the city named. It has two entrances, one at the front of the building, used generally by the tenants of the upper floors, and another on its north side, some sixty feet back from the street, used generally by the tenants of the basement floor. The latter entrance opens onto the basement floor, and to make it accessible from the ground surface, an excavation was made around it and a staircase constructed, with a stairway of five treads leading from the surface of the ground down to the bottom of the entrance. From the top of the stairway, was a walk leading to the street, the top of which was on a level with the surface of the ground. In the wall of the building, for the purpose of furnishing light to the basement apartments, windows were inserted, two of which faced the walk mentioned. Fronting these windows, extending from the building to the inner side of the walk, light wells were excavated. These were in dimension some four feet in length, one and one-half feet in width, and two feet in depth. No railing or guard of any kind was erected around them. The owners of the building placed an electric light at some point in or near the staircase, which, when burning, lighted the steps therein as well as the walkway leading to the street.

The respondent, McGinnis, was a guest of one of the tenants of a basement apartment of the building. On the evening of September 26, 1923, some two weeks after he had become such guest, between the hours of eight and nine o'clock, he left the apartment at which he was a guest, passed out through the side entrance, intending to pass over the walk leading to the street. As he reached the first of the light wells, he stepped too near the edge of the walk, when his foot slipped

into the well, causing him somewhat severe injuries. This action was brought to recover for the injuries suffered.

In his complaint, he alleged, as negligence, the failure to maintain a guard around the light well, and a failure to maintain and keep burning the light on the passage way. The answer admitted that no railing or other form of guard was maintained around the light well, but denied the failure to maintain and keep burning the light. There was, also, a plea of contributory negligence. The cause was tried to a jury, and a verdict was returned in favor of the respondent in the sum of $821.76. The appellants challenged the verdict as excessive, and the court gave the respondent his election to take a judgment for $600 or submit to another trial. The respondent elected to take the reduced sum, and judgment was entered for that amount.

The evidence showed, without contradiction, that no change had been made either in the walk or light well subsequent to the time that the tenant of the apartment, of whom the respondent was a guest, leased it; in fact, it showed that the walk and the light well were a part of the original construction and that the fault, if fault there was, was a fault of construction. Concerning the electric light at the staircase, the evidence showed that a light at that place was necessary to safety of those traveling over the walk after dark—indeed, one of the owners of the property so testified —and showed that the owners sought to keep it burning between dusk in the evening and daylight in the morning, and showed further that the light was so installed and burning at the time the tenant with whom the respondent is related leased the apartment. On the questions whether the light was burning at the time of the accident, and whether the respondent was exercising ordinary care for his own safety when passing over

the walk, there was a decided conflict in the evidence. But these, we are clear, were questions for the jury, and their verdict of course within that view precludes further inquiry concerning them in this court.

At appropriate times during the progress of the proceedings, the appellants challenged the sufficiency of the evidence, moved for a directed verdict, and moved for judgment in their favor notwithstanding the verdict. The trial court overruled the challenge and the motions, and the appellants' first assignment is that it erred in so doing.

The appellants first contend that there is no actionable negligence because of their failure to construct railings around, or otherwise guard, the light wells, and that, since it was shown that there was no change in the conditions between the time of the lease and the time of the accident, neither the lessee nor his guest can complain of an accident arising from that defect. It is possible that, with respect to the fact to which it is limited, this contention is well founded. We have held it to be the rule that, in the absence of an express contract to the contrary, a tenant takes the demised premises in the condition in which he finds them, and that there is no implied warranty on the part of the landlord that they are safe or fit for the purposes for which they are leased. *Mesher v. Osborne,* 75 Wash. 439, 134 Pac. 1092, 48 L. R. A. (N. S.) 917. We have held, also, that the tenant's guest is so far identified with the tenant that his right of recovery for an injury as against the landlord is the same right the tenant would have had he suffered the injury; that he does not possess the independent rights of a stranger, and that his right of recovery is in no way superior to that of his host. *Mesher v. Osborne, supra.*

But we cannot concede that this is conclusive of the respondent's right of recovery, nor do we understand

that this was the theory on which the trial court submitted the cause to the jury. The court did not instruct the jury that this fact alone would warrant a recovery, but instructed them, in substance, that it was the duty of the landlord to keep the walk in a reasonably safe condition for ordinary use, and that the fact that there was no guard around the light well might be considered in connection with the other act of negligence alleged in determining whether the landlord had, in this instance, performed that duty; further instructing them that it was not incumbent upon the landlord to do this by any particular means, and that, if they found that the walkway was sufficiently lighted, either by the light maintained by the landlord or by light from other sources there could be no recovery.

The record does not show a request to withdraw this allegation of negligence from the consideration of the jury, nor does it show a request for a more definite instruction. What might be the rule, did either of such requests appear, we need not determine, but we cannot conclude that there was error in the rule adopted by the court, or error in the manner in which is submitted the questions at issue to the jury.

The appellants further argue that they owed no duty to keep the passageway lighted, and hence are not liable for injury occurring because of the want of such light. The general rule seems to be that a landlord who leases separate portions of the same building to different tenants, and retains control of the passageways common to all, is under no legal obligation, in the absence of statute or contract to the contrary, to maintain lights in the passageways, and that the absence of such lights does not of itself prove negligence. See notes in 14 Ann. Cas. 764; 19 Ann. Cas. 666; Ann. Cas. 1914D 592; 14 L. R. A. 238; 23 L. R. A. 155; 3 L. R. A. (N. S.) 316; 16 R. C. L. 1041. All of the cases, however, lay

down the rule that it is the duty of the landlord to keep such ways reasonably safe for use by the tenants, and it has been held that, if the ways, because of their construction, are not safe for use without artificial light, it is negligence on the part of the landlord not to maintain such a light. *Marwedel v. Cook,* 154 Mass. 235, 28 N. E. 140.

But in the instant case, we think it was a part of the contract of tenancy to maintain the particular light. It was the landlord's duty to keep the passageway in the condition it was purported to be in at the time of the letting. At that time the light was being maintained. The passageway was safe for reasonable use with the light, but not so safe without it. Clearly, it was implied in the letting that the light would be maintained; and this being so, the guest of a tenant of the building may complain if it is not so maintained.

The respondent's injuries consisted principally of an injury to the foot. Certain blood vessels therein were ruptured and the surrounding tissues torn. His attendant physician testified that he made a normal recovery, and that, in the ordinary use of the foot, it would give him no future trouble. He testified further, however, that the torn tissues "grew together with a scar tissue," and that the foot would in the future be more susceptible to a similar injury than it was before. On this question, the court gave the jury the following instruction:

"In ascertaining the compensatory damages in cases of this kind, all the consequences of the injury which are established by the evidence to a reasonable certainty, future as well as past, are to be taken into consideration, including loss of capacity to work, if any, bodily pain and suffering, and such sum as will reasonably compensate plaintiff for medical services, if any necessarily and reasonably resulted as a natural consequence of the alleged injury of the plaintiff, to-

gether with such loss of wages, if any, as you may find the plaintiff to have sustained by reason of such injury, in all not exceeding the sum of $1350.''

It is objected to the instruction that it permits a recovery for permanent injuries, whereas none was shown by the evidence. But it is not our opinion that the instruction bears this interpretation. If the injured foot is more susceptible to an injury of a similar kind after the accident than it was before, clearly this is a circumstance which the jury were entitled to take into consideration in measuring the damages. This was the only circumstance shown by the evidence which could relate to the future, and the jury must have understood the instruction as relating to it. It may be conceded that the language employed by the court was not the most happy that could be used to express the idea, but we cannot think it in any way misled the jury.

There was no substantial error in the record, and the judgment will stand affirmed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and MACKINTOSH, JJ., concur.