Submitted on briefs May 8; affirmed May 16, 1933

## GLICKMAN *v.* BOWMAN

(21 P. (2d) 1082)

*J. F. Alexander* and *Guy L. Wallace,* both of Portland, for appellant.

*Dey, Hampson & Nelson* and *Robert L. Swett,* all of Portland, for respondent.

BELT, J. Plaintiff, on January 17, 1930, under the terms of a written contract, sold to defendant a stock of goods, wares and merchandise in the city of Eugene. There was included in the sale certain accounts receivable which plaintiff agreed to buy on the basis of "75 cents of their face value to the extent of not less than $3,600"—not including "any accounts which have been charged off the books or which are doubtful".

It is alleged in the amended complaint that, after the written contract of sale was executed, it was ascertained that the total amount of accounts receivable on the books (aside from certain worthless accounts not included in the sale) was $2,721.65; and that it was thereupon agreed verbally between the parties that the written contract should be so modified that plaintiff was to purchase from defendant accounts receivable aggregating $2,721.65, paying therefor "75 cents of their face value" and that defendant would guarantee said "accounts to be good and collectible to the full extent of their face value".

Plaintiff further alleges that of the accounts purchased $1,112.40 were and are uncollectible, although he "endeavored diligently" to collect them. Wherefore plaintiff demanded judgment by reason of this alleged breach of guaranty in the sum of $834.30.

Defendant denied that he guaranteed any of the accounts as being good accounts or that they were collectible "to the full extent of their face value or to any extent". As a further defense it was alleged in substance that the accounts were collectible and that plaintiff made no diligent effort to collect the same and had not reduced any of the accounts to judgment.

Plaintiff denied the new matter pleaded as an affirmative defense.

On the issues thus briefly stated, the cause was submitted to the court without a jury. Judgment was rendered in favor of plaintiff in the sum of $570.55. Defendant appeals.

■ Defendant objected to the introduction of any evidence for the reason that the amended complaint failed to state facts sufficient to constitute a cause of action in that the alleged guaranty was within the statute of frauds requiring ''an agreement to answer for the debt, default, or miscarriage of another'' to be in writing. No error was committed in overruling this objection. The statute of frauds has no application to the facts in this case and it was proper to receive evidence tending to show the modification of the written agreement.

■ The rule applicable is thus clearly stated in 27 C. J. 156:

''A guaranty is not within the statute where the debt, mortgage, negotiable instrument, or other contract guaranteed was transferred from the guarantor to the guarantee, at the time of making the contract of guaranty, upon a consideration moving wholly between the parties to the guaranty''. Citing in support of the text many authorities among which is *Kiernan v. Kratz,* 42 Or. 474 (69 P. 1027, 70 P. 506).

Or, as stated in Page on Contracts, § 1239:

''If A sells to B an obligation of C which A owns, and as part of the sale A guarantees the obligation, such promise is not within the Statute of Frauds''.

In 2 Daniel on Negotiable Instruments (5th Ed.) § 1763, it is said:

''When a third person gets credit or forbearance, upon the guaranty of another, even when it is contemporaneous, the latter's promise is clearly a 'promise to answer for' his debt, and it must comply with the statute in order to be valid. But there are cases in which a guaranty is really to answer for one's own

debt, though having the appearance of a promise to answer for another's, and in such case it is not within the statute. * * * So, where a third person's note was transferred with mere verbal warranty that it 'was good and collectible,' in part payment of a horse, it was held valid, because in reality a promise to pay the amount unless the third person paid it for him. This doctrine is uniformly adopted in the United States, where the guaranty is upon a pre-existing consideration, as well as where it is for a debt contracted, goods sold, or obligations exchanged, at the time the guaranty is made. Where one who sells a note guarantees its payment, the guaranty is an original undertaking, and need not be written''.

Also see Williston on Contracts, § 484, and 25 R. C. L. 512.

■ It is urged here, although not in the lower court, that there is no consideration to support the alleged oral agreement. We think, however, there is no merit in this contention. There were mutual promises to be performed by the parties. According to the alleged agreement, the plaintiff agreed to accept $2,721.65 of accounts receivable in lieu of the $3,600 of accounts receivable as provided in the written contract. In consideration therefor the defendant agreed to guarantee payment of the accounts.

■ There is ample testimony that, before commencing this action, plaintiff exercised reasonable diligence to collect the accounts in question and that they were uncollectible: *Michelin Tire Co. v. Fisher,* 116 Or. 217 (240 P. 895); 12 R. C. L. 1049; 21 C. J. 970. We are not concerned with the conflict of testimony relative to any issue of fact. The findings of the trial court are equivalent to the verdict of a jury.

The judgment of the lower court is affirmed.

RAND, C. J., did not participate in this decision.

CAMPBELL, J., concurs in the result.