Argued December 20, 1933; affirmed January 23, 1934.

# LYONS *v.* LICH ET AL.

(28 P. (2d) 872)

*Francis E. Marsh,* of Portland (Wilbur, Beckett, Howell & Oppenheimer, of Portland, on the brief), for appellants.

*Wendell Phillips,* of Portland (J. B. Pfouts and Sheppard & Phillips, all of Portland, on the brief), for respondent.

ROSSMAN, J. The defendants' brief, with commendable frankness, states:

"The only question involved in this appeal is whether or not there was any evidence introduced by the plaintiff showing that the defendants herein were guilty of any of the allegations of negligence as set forth in Paragraph IV of the plaintiff's complaint which was the proximate cause of this accident."

Plaintiff, while an invitee in the defendants' apartment house, was injured when her feet slipped upon a wet marble slab at the head of a flight of uninclosed concrete steps which led from the main entrance to a court leading to the street. Paragraph IV of the complaint, succinctly stated, charges the defendants with negligence in the following particulars: (1) failing to light the staircase; (2) failing to light the course over which the plaintiff was proceeding; (3) failing to maintain a railing along the staircase; (4) permitting the marble slab to become wet and slick; and (5) failing to roughen the slab or cover it with a mat. Substantial evidence, in our opinion, reveals the following situation: February 16, 1931, at 10:30 p. m., the plaintiff, accompanied by a Mrs. Harper, who was a tenant in the apartment house, and with whom she had been visiting, was about to leave the building through its aforementioned main entrance. Upon the

plaintiff's feet were rubber-soled galoshes. She and Mrs. Harper had passed through the lobby and had gone into the vestibule where the plaintiff opened one of the two swinging doors which gave entrance to the outside preparatory to descending the aforementioned flight of fourteen steps. These steps were about nine feet wide and the risers were seven inches high, making the staircase more than eight feet high. It was not equipped with a hand railing. The staircase, the lobby and the vestibule were portions of the structure provided for the use of the tenants, their guests and other invitees of the building. The floor of the vestibule, with the exception of a portion five feet by nine and one-half inches in area directly under the swinging doors, is made of terrazza, a material composed of fragments of marble set in cement. The small area of floor, five feet by nine and one-half inches directly under the swinging doors, consists of a slab of smooth marble somewhat worn after twenty years of use, and is the place where one must step immediately prior to descending the staircase. The outer extremity of this slab projects beyond the doors where it becomes wet during times of rainfall. Rain was falling the evening of February 16, 1931, when the plaintiff's injury befell her, rendering the street, the sidewalk and the marble slab wet. Whenever this sheet of marble becomes wet its surface is slippery. When the plaintiff stepped upon this marble slab her feet slipped and she fell through the open door down four of the concrete steps in front of her, at the same time reaching vainly for some supporting object. In the fall she sustained the injuries for which she seeks damages. The lobby through which she had passed was amply lighted, but the lights in the vestibule were dim. The staircase was provided with ample lighting equipment but the lights were not

burning. Thus, just before she reached the above-mentioned spot she had passed through the well lighted lobby into the dimly lighted vestibule and was looking out upon the dark staircase. Whatever light could have made its way through the glass-paneled door which separated the lobby from the vestibule was obstructed by the plaintiff and her accompanying friend. Their shadows tended to obscure the wet marble slab, and the latter was further hidden from view by the outside doors. The defendants had owned this apartment house for three or four years, and do not avow ignorance of the marble slab nor of the condition which it presented upon rainy days. Since marble floors, when wet, are slippery and endanger the safety of those walking upon them, many owners whose buildings are equipped with such floors place mats made of rubber or grass in the building entrances at times of rainfall.

■ The findings of fact entered by the trial judge are favorable to the plaintiff upon all of the averments of Paragraph IV of the complaint reviewed above. It is apparent from the preceding statement that the findings are supported by substantial evidence. Since the findings have the effect of a jury's verdict (§ 2-503, Oregon Code 1930), we are not at liberty to retry the above-mentioned issues of fact. *Glickman v. Bowman,* 143 Or. 229 (21 P. (2d) 1082); *DeYoung v. Robertson,* 133 Or. 240 (289 P. 1051). This being true, we shall refrain from relating testimony at variance with the above statement.

■ Having stated the controlling facts, we are now required to determine whether those facts reveal that the defendants were negligent as charged in Paragraph IV of the complaint. The defendants agree, as is stated in their brief, that "the owner of an apartment house has the duty toward the occupants of the

apartment house and guests of said occupants to exercise ordinary care for their protection and to see that the portion of the premises over which the owner retains control is in a reasonably safe condition of repair, but such apartment house owner is not an insurer against all forms of accidents that may happen to any who come on such premises.'' This concession is well justified by our holding in *Massor v. Yates,* 137 Or. 569 (3 P. (2d) 784). See also *DeMars v. Heathman,* 132 Or. 609 (286 P. 144), and the extensive annotations accompanying *Gibson v. Hoppman,* 75 A. L. R. 148 (108 Conn. 401, 143 Atl. 635), and *Roman v. King,* 25 A. L. R. 1263 (289 Mo. 641, 233 S. W. 161). The above rule expressing the landlord's duty can be clarified by adding that the mere use of marble, tile, hardwood or any other commonly employed floor material in the construction of a floor is not negligence. *Wilson v. Werry,* (Tex.) 137 S. W. 390; *Kline v. Abraham,* 178 N. Y. 377 (70 N. E. 923); *Garland v. Furst Store,* 93 N. J. Law 127 (107 Atl. 38, 5 A. L. R. 275); *Tryon v. Chalmers,* 205 App. Div. 816 (200 N. Y. S. 362); *Abbott v. Richmond County Country Club,* 211 App. Div. 231 (207 N. Y. S. 183); *Chilberg v. Standard Furniture Co.,* 63 Wash. 414 (115 P. 837, 34 L. R. A. (N. S.) 1079). The landlord is under no duty to furnish artificial light in the common passageways of his building over which he has reserved control if they are so constructed that they are otherwise safe for their intended use. *Rhodes v. Fuller Land & Improvement Co.,* 92 N. J. Law 569 (106 Atl. 400); *Steele v. Lifland,* 265 Mass. 233 (163 N. E. 898); *Gallagher v. Murphy,* 221 Mass. 363 (108 N. E. 1081, Ann. Cas. 1917E, 594); *Hawes v. Chase,* 84 N. H. 170 (147 Atl. 748); *Lunde v. Northwestern Mut. Sav. & L. Assn.,* 59 N. D. 575 (231 N. W. 609);

*McGinnis v. Keylon,* 135 Wash. 588 (238 P. 631);
Underhill on Landlord and Tenant, § 492; 36 C. J.,
Landlord and Tenant, p. 214, § 891. However, as is
evident, a landlord may expressly contract to furnish
artificial light for the common passageways or he
may assume such a duty by voluntarily furnishing the
light. In the latter instance, his duty will require him
to exercise reasonable care to provide the passageways
with sufficient light until he relieves himself of the
duty by giving adequate notice. *Rhodes v. Fuller Land
& Improvement Co.,* supra; *Gallagher v. Murphy,*
supra; *Maran v. Peabody,* 228 Mass. 432 (117 N. E.
847); *Stathos v. Bunevich,* 107 N. J. Law 269 (153 Atl.
572). The common-law rule which imposes no duty
upon a landlord to illuminate the common passageways
over which he has reserved control is subject to an
exception which requires him to furnish illumination
if the passageways are constructed in such a manner
that they present special danger or incorporate traps
and pitfalls. *Gibson v. Hoppman,* 108 Conn. 401 (143
Atl. 635, 75 A. L. R. 148); *Gleich v. Detroit Free Press,*
169 Mich, 247 (135 N. W. 306); *McGinnis v. Keylon,*
supra; *Braitsch v. O. B. Potter Properties, Inc.,* 179
N. Y. S. 103; *Hicks v. Smith,* 158 App. Div. 299 (143
N. Y. S. 136); *Brugher v. Buchtenkirch,* (29 App.
Div. 342, 51 N. Y. S. 464); Underhill on Landlord and
Tenant, § 492. The duty which the landlord owes to
guests of the tenant is the same as he owes to the
tenants themselves. 36 C. J., Landlord and Tenant,
p. 224, § 913, and annotations, 75 A. L. R. p. 160, and
39 A. L. R. p. 298. If the owner of an apartment house
or other structure invites the public to enter, he is
required to exercise ordinary care to maintain his
floors in a condition reasonably safe for the purposes
of the invitation. Ordinarily if the floor is without

structural defects, he is not required to place mats at entrance ways on rainy days, nor to mop up rainwater tracked into the entryway by customers, provided the condition of dampness is readily discernible to those who enter. *S. S. Kresge v. Fader,* 116 Ohio St. 718 (158 N. E. 174, 58 A. L. R. 132) ; *Murray v. Bedell Co.,* 256 Ill. App. 247. But where the landlord is aware of the presence of a substance upon the floor which produces a slippery condition, and fails to remove it, the jury is warranted in inferring negligence from his nonaction if the substance is not discernible to the invitees by the exercise of reasonable alertness. *Hesse v. Mittelman,* ante page 421 (27 P. (2d) 1022) ; *Hovedsgaard v. Grand Rapids Store & Equip. Corp.,* 138 Or. 39 (5 P. (2d) 86) ; *Brown v. Holzwasser, Inc.,* 108 Cal. App. 483 (291 P. 661) ; *Williamson v. Hardy,* 47 Cal. App. 377 (190 P. 646) ; *Robinson v. F. W. Woolworth Co.,* 80 Mont. 431 (261 P. 253) ; *Langley v. F. W. Woolworth Co.,* 47 R. I. 165 (131 Atl. 194). Before an owner can be held liable for the slippery condition of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the presence of the substance or would have known of its presence had he exercised reasonable care. *Hesse v. Mittelman,* supra; *Hovedsgaard v. Grand Rapids Store, etc.,* supra; *DeMars v. Heathman,* supra.

Having acquainted ourselves with the principles of law which govern the issue before us, we come now to an application of those principles to the controversy. It is evident that the defendants must have known through their long ownership of this apartment house that this marble slab, which may roughly be described as a large threshold at the main entrance of their building, became wet and slippery upon rainy

days. They avow no ignorance of the condition existing at the entrance, and the evidence tends strongly to show that the custodian whom they had placed in charge of the property knew that the marble became wet and slippery at times of rainfall. It is not difficult to believe that this wet, worn, smooth, marble slab, placed as it was at the head of a flight of concrete steps, not equipped with a safety rail, in a dimly lighted place, where all leaving the building were compelled to step, was a dangerous object. Had the entire floor been constructed of marble anyone using it would have steadied his feet so that he could cross it in safety. But only the portion of the floor that became wet was made of marble. Here, unfortunately, the light was dim and the shadow of one approaching obscured his view of the hazardous place. Likewise, the doors hid the hazard from view until they were opened, but by that time attention was diverted to the stairs ahead. We believe that the circuit court was well justified in concluding that upon the occasion of the plaintiff's injury the defendants had not exercised the required degree of care at their building entrance. The combination of darkness, lack of a hand rail, and slippery marble, while not so intended, constituted a trap. Light was required for the safety of those who had occasion to pass there. It is evident from the authorities cited above that the defendants owed the duty to provide light or some other safeguards. The issue of proximate cause under the circumstances above outlined presented a question of fact. *Gillilan v. Portland Crematorium Assn.,* 120 Or. 286 (249 P. 627), and *Hartford Ins. Co. v. Central R. R. of Oregon,* 74 Or. 144 (144 P. 417). Having found no error in the record, it follows that the judgment of the circuit court is affirmed.

BELT and KELLY, JJ., concur.

RAND, C. J., dissents.