CHARLES L. MILLER, Appellant, v. CLARENCE L. POUND, Appellee.

No. 44682.

MARCH 14, 1939.

Howard W. Brooks, for appellant.

W. O. Chatterton, for appellee.

OLIVER, J.—The petition declared appellant bought from appellee a service station with supplies, merchandise and book accounts; that appellee represented to appellant that the account in controversy was a good and active account and orally guaranteed payment thereof within 30 days; that the debtor failed to pay the same and that thereupon appellant demanded payment from appellee which was refused. Judgment was prayed for the amount of said account.

This appeal is from the ruling of the trial court sustaining a demurrer to said petition as being founded upon an oral contract to answer for the debt or default of another and as such within the statute of frauds.

Appellant urges that the oral guaranty given him in connection with his purchase of the accounts was for the main purpose of subserving the objects and interests of appellee and, therefore, was not within the statute. This contention appears to have the support of the decisions of this state and the great majority of other jurisdictions. Where the holder of a note, book account, or other chose in action, sells and transfers it for a consideration furnished him by the transferee and at the same time orally guarantees it will be paid or performed, such undertaking is primarily for the benefit and advantage of the transferor and is not within the statute of frauds. Tarbell v. A. J. Stevens & Co., 7 Iowa 163; Glickman v. Bowman, 143 Or. 229, 21 P. 2d 1082; 25 R. C. L. 512. See, also, 27 C. J. 156, 157, and cases therein cited.

Wherefore, the ruling is reversed.—Reversed.

All JUSTICES concur.