Argued and submitted September 30, 1983, affirmed March 7, reconsideration denied
April 27, petition for review allowed May 30, 1984 (297 Or 227)

HUMBERT,
*Appellant,*

*v.*

SELLERS et al,
*Respondents.*

(8463; CA A27258)

677 P2d 760

Wesley S. Johnson, John Day, argued the cause and filed the brief for appellant.

J. C. Van Voorhees, Prineville, argued the cause for respondents. With him on the brief was Minturn, Van Voorhees, Larson & Dixon, Prineville.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff sustained injuries when she slipped and fell on a wet patio while visiting in a friend's apartment. Defendants Sellers are the owners of the apartment house, and defendant Taylor, dba Banker's Realty Property Management, manages the property. Plaintiff alleged, in essence, that defendants were negligent in failing to take measures to prevent water from collecting on the patio and in failing to insure that the patio surface was non-slippery.

Defendants moved for summary judgment, arguing that a landlord is immune from liability when a tenant or guest of the tenant sustains injuries caused by a dangerous condition in existence when the tenant took possession of the premises. Alternatively, defendants argued that a landlord also could not be liable when a dangerous condition on a portion of the premises under the tenant's control arose after the tenancy had begun. The trial court granted the motion and entered judgment in defendants' favor. This appeal followed. We affirm.

Plaintiff acknowledges that under the traditional principles controlling the imposition of tort liability, her sole remedy would be against the tenant. However, she urges that we adopt a different analytical approach, recently adopted in certain other jurisdictions. The essential ingredient of this minority trend is the abrogation of the common law immunity traditionally accorded to lessors of land under circumstances similar to those here. The rationale used by those courts apparently turns on the unavailability of a practical remedy for an injured party.

> "The anomaly of the general rule of landlord tort immunity and the inflexibility of the standard exceptions, such as the control exception, is pointedly demonstrated by this case. A child is killed by a dangerous condition of the premises. Both husband and wife tenants testify that they could do nothing to remedy the defect because they did not own the house nor have authority to alter the defect. But the landlord claims that she should not be liable because the stairs were not under her control. Both of these contentions are premised on the theory that the other party should be responsible. So the orthodox analysis would leave us with neither landlord nor tenant responsible for dangerous conditions on the premises. This would be both illogical and intolerable, particularly since

neither party then would have any legal reason to remedy or take precautionary measures with respect to dangerous conditions. * * *" *Sargent v. Ross,* 113 NH 388, 393-94, 308 A2d 528 (1973).

We agree with defendant's assertion that the rationale of *Sargent* seems both logical and practical. We are not, however, persuaded that we should adopt it here. In *Richards v. Dahl,* 289 Or 747, 618 P2d 418 (1980), the Supreme Court said: "We have previously stated that the principles announced in the Restatement of Torts (Second) reflect our views of the law governing the liability of a landlord to a tenant." 289 Or at 749. The rule set forth in the Restatement (Second) Torts, §§357 through 362, is that, with certain exceptions, a lessor of land is not liable to his lessee or others on the land for harm caused by any dangerous condition which existed when the lessee took possession. The exceptions to that rule are limited and are not applicable to the facts alleged in plaintiff's complaint.

Plaintiff argues alternatively that, if we are not persuaded that lessor immunity should be abrogated, ORS 91.770[1] impliedly provides a method by which she may state a

---

[1] ORS 91.770 provides:

"(1) A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:

"(a) Effective waterproofing and weather protection of roof and exterior walls, including windows and doors;

"(b) Plumbing facilities which conform to applicable law in effect at the time of installation, and maintained in good working order;

"(c) A water supply approved under applicable law, which is:

"(A) Under the control of the tenant or landlord and is capable of producing hot and cold running water;

"(B) Furnished to appropriate fixtures; and

"(C) Connected to a sewage disposal system approved under applicable law and maintained in good working order to the extent that the system can be controlled by the landlord;

"(d) Adequate heating facilities which conform to applicable law at the time of installation and maintained in good working order;

"(e) Electrical lighting with wiring and electrical equipment which conform to applicable law at the time of installation and maintained in good working order;

"(f) Building, grounds and appurtenances at the time of the commencement of the rental agreement in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under

claim against defendants for her injuries. She contends that the duty owed by a landlord to a guest is the same as that owed to a tenant and that, as a consequence, a guest may state a claim against a landlord for breach of his statutory duty to maintain the premises in a habitable condition.

Plaintiff fails to point out or allege in her complaint which subsection of ORS 91.770 she contends was violated by the water accumulation on the patio. Although we agree that a landlord's duty to a guest is the same as that owed to a tenant, *Lyons v. Lich,* 145 Or 606, 612, 28 P2d 872 (1934), we do not agree that the water on the patio falls within the statutory guidelines defining which defects amount to unhabitable premises. Plaintiff's basic argument that a guest might state a claim under ORS 91.770 may not be entirely untenable. *See Brewer v. Erwin,* 287 Or 435, 452, 600 P2d 398 (1979). However, without an additional assertion that defendants failed to provide one of the specifically-enumerated services mandated by ORS 91.770, the argument is irrelevant. We therefore reject plaintiff's argument that the trial court erroneously dismissed her complaint because ORS 91.770 impliedly permits her to state a claim for defendants' breach of their duty to maintain the tenant's premises in a habitable condition.

Plaintiff's injuries did not occur under circumstances creating one of the exceptions to the general rule set forth in the Restatement (Second) Torts. Consequently, defendants

---

control of the landlord kept in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin;

"(g) An adequate number of appropriate receptacles for garbage and rubbish in clean condition and good repair at the time of the commencement of the lease or rental agreement, and the landlord shall provide and maintain appropriate serviceable receptacles thereafter and arrange for their removal unless the parties by written agreement provide otherwise;

"(h) Floors, walls, ceilings, stairways and railings maintained in good repair;

"(i) Ventilating, air conditioning and other facilities and appliances, including elevators, maintained in good repair if supplied or required to be supplied by the landlord;

"(j) Safety from the hazards of fire; or

"(k) Working locks for all dwelling entrance doors, and, unless contrary to applicable law, latches for all windows, by which access may be had to that portion of the premises which the tenant is entitled under the rental agreement to occupy to the exclusion of others and keys for such locks which require keys."

owed her no duty to insure that the patio was free from accumulated water. Accordingly, the trial court correctly dismissed her complaint.

Affirmed.