Argued and submitted March 25, reversed October 21, reconsideration denied December 11, 1987, petition for review allowed January 6, 1988 (304 Or 680)

**JONES,**
*Appellant,*

*v.*

**BIEREK,**
*Respondent.*

(8602-00678; CA A41253)

743 P2d 1153

Douglas G. Pickett, Portland, argued the cause for appellant. With him on the brief was Niehaus, Hanna, Murphy, Green, Osaka & Dunn, Portland.

Glen S. Shearer, Portland, argued the cause for

respondent. With him on the brief was Schouboe, Marvin & Furniss, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals the dismissal of her personal injury action as time-barred. At issue is whether the claim is governed by the one-year limitation in the Residential Landlord and Tenant Act (RLTA), ORS 12.125, or the two-year limitation which generally applies to personal injury actions. ORS 12.110(1). We reverse.

Plaintiff tripped and fell while descending a common exterior stairway from her second floor apartment on November 21, 1984. She brought this action against the personal representative of her landlord's estate on February 10, 1986. In her amended complaint, she asserts that defendant's failure to maintain adequate lighting at the top of the stairway caused her injuries. She alleges breaches of the landlord's common law duty of care and city ordinance, Portland City Code 29.50.080.[1] Defendant argues that RLTA was intended to supplant all common law actions between tenants and landlords and that the present action is governed by ORS 12.125, which requires that an action "arising under a rental agreement" or pursuant to ORS 91.700 to 91.895 be brought within one year.[2]

In *Vollertsen v. Lamb,* 302 Or 489, 732 P2d 486 (1987), the Supreme Court held that an action by a landlord against a former tenant for damages to the premises under ORS 105.805 is a tort which exists independently of RLTA and the parties' rental agreement and which was therefore governed by the two-year limitation in ORS 12.110(1). The court, however, appeared to stop short of deciding that common law torts between landlords and tenants exist independently of RLTA. It stated:

> "Because we conclude that the cause here pleaded will lie under ORS 105.805, it is unnecessary to determine in this case whether the common law action for waste has survived the enactment of RLTA. Until the legislature may give some stronger signal, however, that it desires by RLTA to abolish

---

[1] Plaintiff's complaint also stated a cause of action for breach of implied warranty of habitability, but she does not appeal the dismissal of that claim.

[2] RLTA requires that landlords maintain residential properties in "habitable condition," including "[e]lectrical lighting * * * maintained in good working order." ORS 91.770. It also provides for tenant remedies when residential premises are not adequately maintained. ORS 91.800.

all tort actions between residential landlord and tenant, either way, we expect to find claims by either against the other that exist independently of the rental agreement." 302 Or at 509.

Plaintiff does not cite, and our research has not disclosed, any statutory provisions or legislative history which clearly evince an intention to replace common law remedies with the statutory remedies established by RLTA. We conclude that it is highly unlikely that the legislature would eliminate a large segment of the state's tort law simply because the parties are a landlord and a tenant, without explicitly spelling out its intentions to do so. We treat plaintiff's pleadings as stating cognizable claims for negligence and negligence *per se* under the common law.

■ The remaining question is whether the present action "arise[s] under a rental agreement" within the meaning of ORS 12.125. Again, we look to *Vollertsen v. Lamb, supra.* There, the Supreme Court held that a landlord's claim against a tenant for waste sounds in tort and is based on the duties of a tenant set out in ORS 105.805. Here, plaintiff did not depend on any duties of defendant contained in a rental agreement or arising from the landlord-tenant relationship. She alleged an action in negligence. Her action is in tort and is accordingly governed by the two-year limitation in ORS 12.110.[3]

Reversed.

---

[3] *Goodman v. Fernald,* 154 Or 654, 61 P2d 1253 (1936), provides additional authority for our ruling in the present case. The Supreme Court held that the plaintiff's action against a landlord for injuries which he sustained when he fell through defective flooring was a tort claim rather than a breach of contract claim for Statute of Limitations purposes.