Argued and submitted March 2, decision of the Court of Appeals affirmed, trial court reversed and remanded to circuit court for further proceedings June 7, 1988

JONES,
*Respondent on Review,*

*v.*

BIEREK,
*Petitioner on Review.*

(TC 8602-00678; CA A41253; SC S34682)

755 P2d 698

Glen S. Shearer, of Schouboe, Marvin & Furniss, Portland, argued the cause and filed a brief on behalf of petitioner on review.

Douglas G. Pickett, of Niehaus, Hanna, Murphy, Green, Osaka & Dunn, Portland, argued the cause on behalf of respondent on review.

LINDE, J.

## LINDE, J.

Plaintiff sued her landlord for damages for personal injuries suffered in a fall from a stairway that allegedly was inadequately lighted. The circuit court granted defendant's motion to dismiss the complaint as untimely because it was filed after the one-year period allowed for actions arising under a rental agreement or under the Residential Landlord and Tenant Act (RLTA), *see* ORS 12.125. The complaint was, however, filed within the two-year limit ordinarily applicable to tort actions, ORS 12.110.[1] The Court of Appeals reversed, holding that the two-year limitation applied because plaintiff had a common-law claim independent of the rental agreement or the RLTA. *Jones v. Bierek,* 88 Or App 11, 743 P2d 1153 (1987). We affirm the decision of the Court of Appeals.

ORS 12.125 provides:

> "An action arising under a rental agreement or ORS 91.700 to 91.895 shall be commenced within one year."

Defendant's motion to dismiss argued that plaintiff's action arose under a rental agreement, because the complaint alleged that she was a tenant and because "any duties owed plaintiff by the defendant arose out of plaintiff's status as a tenant on the premises."

There are four possible ways to interpret ORS 12.125. At one extreme, one could argue, as defendant appears to do, that the legislature intended to impose a one-year limitation on all disputes between a landlord and a tenant, regardless of the nature of the dispute. But the statute applies only if the action "arises under" the rental agreement or RLTA. Second, the action between a landlord and a tenant might have to be brought within one year unless the claim could not be based on the rental agreement or RLTA but could be based only on some other source of liability. Third, the action might have to be brought within one year unless it states a claim that does not depend on the landlord-tenant relationship, but that a plaintiff could assert in some other capacity. Fourth, the statute might impose a one-year limit only if a landlord or a tenant

---

[1] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

relies on the rental agreement or the statutory obligations of RLTA as sources of the asserted liability but allow a longer period if the complaint pleads only common-law (or other statutory) duties, even though these duties arise in a tenancy relationship. Under this fourth reading, a landlord or tenant could avoid the one-year limit of ORS 12.125 whenever such a plaintiff would have a civil action without invoking the terms of the rental agreement or RLTA, though those sources also apply to the asserted claim. The Court of Appeals seems to have accepted this view when it wrote:

> "Here, plaintiff did not depend on any duties of defendant contained in a rental agreement or arising from the landlord-tenant relationship. She alleged an action in negligence. Her action is in tort and is accordingly governed by the two-year limitation in ORS 12.110."

88 Or App at 14 (footnote omitted).

■ Without saying that this fourth variation is wrong, we need not go further than the third in this case. Plaintiff's injuries are alleged to have resulted from inadequate lighting on an exterior stairway of defendant's apartment building, an area common to the apartments, where the landlord would be liable for unsafe conditions to other persons who lawfully used the stairway besides tenants. *Pritchard v. Terrill,* 189 Or 662, 222 P2d 652 (1950); *Lyons v. Lich,* 145 Or 606, 28 P2d 872 (1934). *See also Woolston v. Wells,* 297 Or 548, 687 P2d 144 (1984). Along with common-law negligence, plaintiff also alleged breach of a city code section which defendant, at least at this stage, does not claim to be solely for the protection of tenants.

■ The landlord's obligation under RLTA to maintain dwelling units in a habitable condition includes keeping floors, walls, ceilings, stairways and railings in good repair, ORS 91.770(1)(h), and subsection (1)(e) refers to keeping electrical lighting and wiring in good working order. A landlord's noncompliance may give rise to liability for damages, *see* ORS 91.800(2), *Humbert v. Sellars,* 300 Or 113, 708 P2d 344 (1985), which the legislature required to be pursued in a shorter period than other claims. But we are not persuaded that in limiting actions under RLTA to one year the Legislative Assembly meant to create a right to use one's own non-compliance defensively so as to bar actions that anyone other

than a tenant could continue to commence after one year, merely because the defendant happens to be the injured party's landlord.

Defendant claims that the Legislative Assembly intended RLTA to be the exclusive source of a tenant's remedies against a landlord, and he seeks to bolster this argument by citing a section of the original bill that was deleted before enactment. The legislature, within constitutional limits, could have done what defendant suggests, as it did in the Workers' Compensation Law, *see* ORS 656.018; but the legislative history does not suggest that it did so in RLTA. The omitted section listed contractual, equitable, and statutory principles that were presumed to supplement the statutory law governing rental transactions, but it conspicuously did not include tort liability for personal injury; and the apparent reason for omitting the section was that it was "not considered necessary."[2] This does not suffice to show that the legislature meant to deprive tenants of the same time for pursuing a common-law remedy that would be available to a non-tenant similarly injured. *Cf. Brown v. Transcon Lines,* 284 Or 597, 610-11, 588 P2d 1087 (1978). The Court of Appeals correctly remanded the case for further proceedings on plaintiff's negligence claims with the exclusion of any claims under the rental agreement or RLTA.

The decision of the Court of Appeals is affirmed. The decision of the trial court is reversed. The case is remanded to the circuit court for further proceedings.

---

[2] Section 3 of the bill would have provided:

"Unless displaced by the provisions of sections 1 to 14 of this Act, the principles of law and equity, including the law relating to capacity to contract, mutuality of obligations, principal and agent, real property, public health, safety and fire prevention, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause supplement its provisions."

A staff memorandum to the chairman of the responsible Senate committee noted that about four pages of the original bill were deleted because the deleted provisions "were not considered necessary." *See* Minutes, Senate Local Government and Urban Affairs Committee, March 20, 1973, Exhibit 2.