Argued and submitted February 8, affirmed July 5, 2007

Dave WALDNER,
Michelle Kasper, Jacob Lahmann
and Michelle Kasper, as Guardian Ad Litem
for Joshua Bush and Hanna Waldner, Minors,
*Plaintiffs-Appellants,*

*v.*

Stephen STEPHENS,
*Defendant-Respondent.*

Stephen STEPHENS,
*Third-Party Plaintiff,*

*v.*

TRAN CO.,
an Oregon corporation,
*Third-Party Defendant.*

Marion County Circuit Court
03C21165; A127595

162 P3d 342

Robert K. Udziela argued the cause and filed the briefs for appellants.

Alan Gladstone argued the cause for respondent. With him on the brief was Davis Rothwell Earle & Xóchihua P.C.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Carson, Senior Judge.

EDMONDS, P. J.

## EDMONDS, P. J.

This appeal presents the issue of whether plaintiffs' claims against their landlord for negligence and for breach of an agreement promising to make repairs are governed by ORS 12.125, a one-year statute of limitations applicable to the Oregon Residential Landlord Tenant Act (ORLTA).[1] Plaintiffs appeal after the trial court dismissed their third amended complaint with prejudice under ORCP 21 A(8). We affirm.

For purposes of reviewing a trial court's order of dismissal pursuant to ORCP 21 A(8), we accept all of the facts alleged in the complaint as true, and we give plaintiffs the benefit of all reasonable inferences that may be drawn from the facts alleged. *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992). The third amended complaint asserts two claims for relief, one based on the theory of negligence and the other that plaintiffs label as a claim based on a "Breach of Agreement to Repair - Make Habitable."

In particular, plaintiffs allege that they leased part of a duplex from defendant and that they suffered serious personal injuries from mold and other toxic material in the duplex due to defendant's negligent failure to maintain and repair it. According to their complaint, excessive amounts of water and moisture seeped through the roof and exterior walls of the rental. After those occurrences, plaintiffs notified defendant of the problems on several occasions. Thereafter, defendant inspected the premises and made oral promises to make repairs. Plaintiffs also allege that they relied on defendant's promises by remaining in the rental and continuing to make rental payments to defendant and that defendant breached that agreement by failing to make the agreed-upon repairs.

In their negligence claim, plaintiffs allege that,

"22. At said times and places, Defendant Stephens was negligent and failed to exercise reasonable care in one or more of the following particulars:

---

[1] ORS 12.125 provides:

"An action arising under a rental agreement or ORS chapter 90 shall be commenced within one year."

"a. In failing to inspect, install, maintain or keep in good repair the roof, walls, flooring and other structural areas of the residence over which Defendant maintained exclusive control, did not convey to Plaintiff's [*sic*] as part of the leasehold, and prohibited Plaintiffs from repairing;

"b. In failing to provide and maintain habitable premises by not keeping the premises safe for normal and reasonably foreseeable uses;

"c. In failing to prevent the invasion of water, moisture and other fungi, mildew, bacterial and other toxins;

"d. In neglecting or ignoring after notice from Plaintiffs the intrusion of toxins, water, moisture, mold, and other harmful substances that invaded the premises;

"e. In failing to eliminate the toxic conditions of the property that defendant (1) caused, (2) allowed intentionally, or (3) allowed to exist in reckless disregard of the safety of others;

"f. In failing to provide adequate ventilation for the house;

"g. In failing to warn Plaintiffs of the dangers associated with roof leaks, wet rot, and mold in the house;

"h. In failing to immediately take prompt or effective measures to protect Plaintiffs from harm."

In addition, plaintiffs alleged that defendant was negligent for failing to comply with certain requirements in ORS 90.320.[2]

---

[2] ORS 90.320 provides, in part:

"(1) A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:

"(a) Effective waterproofing and weather protection of roof and exterior walls, including windows and doors;
"* * * * *

"(f) Buildings, grounds and appurtenances at the time of the commencement of the rental agreement in every part safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part safe for normal and reasonably foreseeable uses, clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin;
"* * * * *

Plaintiffs include an alternative claim for relief in which they allege that defendant made promises and representations to plaintiffs with the intention that plaintiffs rely on those promises and that defendant "did not effectuate repairs, and did not hire or employ a contractor to enter and effectuate repairs." The dismissal of that claim is the subject of plaintiffs' second assignment of error.

Defendant moved to dismiss plaintiffs' complaint under ORCP 21 A(8) for failure to state a claim, arguing that the claims raised by plaintiffs are based on duties that arise solely from their relationship as landlord and tenants. In his motion, defendant argued that ORS 12.125 is the applicable statute of limitations and that it bars plaintiffs' claims because they were not brought within one year after the conduct that gave rise to them. The trial court agreed with defendant and dismissed plaintiffs' complaint, leading to this appeal. On appeal, with respect to their first two assignments of error, plaintiffs appear to agree that, if ORS 12.125 is the controlling statute of limitations, their negligence and breach of contract claims are time barred.

Plaintiffs contend, however, that their allegations invoke common-law duties and not obligations under the ORLTA. Consequently, in their view, the two-year statute of limitations in ORS 12.110 is the governing statute.[3] Plaintiffs rely, in part, on *Jones v. Bierek*, 306 Or 42, 755 P2d 698 (1988). That case involved a tenant who sued her landlord for injuries suffered from a fall from a common exterior stairway that was inadequately lighted. The defendant argued that the legislature intended the ORLTA to constitute the exclusive source of a tenant's remedies against a landlord. The

---

"(h) Floors, walls, ceilings, stairways and railings maintained in good repair;

"(i) Ventilating, air conditioning and other facilities and appliances, including elevators, maintained in good repair if supplied or required to be supplied by the landlord[.]"

[3] ORS 12.110 provides, in part:

"(1) An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

Supreme Court rejected that argument, ruling that the legislative history did "not suffice to show that the legislature meant to deprive tenants of the same time for pursuing a common-law remedy that would be available to a non-tenant similarly injured." 306 Or at 46. Plaintiffs conclude that, when their allegations are assumed to be true and when they are given the benefit of all reasonable inferences that arise from their allegations, they state claims that fall outside the parameters of the ORLTA in light of the holding in *Jones.*

Defendant responds,

> "*Jones* * * * stands for the proposition that where the tenant's injury occurs in a common area of an apartment building, where a landlord's general duty of care is implicated, ORS 12.125 does not apply because the injured party could just as easily have been a non-tenant. [306 Or at 45]. Where a tenant is injured in his dwelling unit, however, and the basis of the claim is the landlord's duty derived from the habitability requirements of the [ORLTA], the tenant's claim arises under that statute and is limited by ORS 12.125."

Defendant concludes that plaintiffs' allegations "are based solely on the [ORLTA], and not on the common-law [*sic*], so that the trial court was correct in concluding that the allegations asserting that plaintiffs filed a common-law negligence claim failed to state such a claim."

■■ Preliminarily, we observe that, merely because the ORLTA imposes affirmative duties on landlords, it does not necessarily follow that those statutory duties automatically supplant claims against landlords for injury to their tenants resulting from negligence. *Coulter Property Management, Inc. v. James*, 328 Or 164, 170, 970 P2d 209 (1998). Indeed, a tenant may choose to maintain claims of common-law negligence and statutory liability under the ORLTA in the same action. *Davis v. Campbell*, 327 Or 584, 592, 965 P2d 1017 (1998). Nonetheless, the requirement of ORS 12.125 is straightforward; its provisions are applicable when the action arises out of a "rental agreement or ORS chapter 90[,]" as those terms are used in the statute. *Vollertsen v. Lamb*, 302 Or 489, 493, 732 P2d 486 (1987).

■ ■　　We turn therefore to the allegations in plaintiffs' third amended complaint to determine if their negligence and breach of contract claims arise out of a rental agreement or ORS chapter 90 within the meaning of ORS 12.125. When confronted with a question of statutory interpretation, our goal is to ascertain the intent of the legislature. At the first level of inquiry, we examine not only the language of the text of the statute in question, but any other statutes that provide context. For purposes of ORS chapter 90, a "rental agreement" means

> "all agreements, written or oral, and valid rules and regulations adopted under ORS 90.262 or 90.510(6) embodying the terms and conditions concerning the use and occupancy of a dwelling unit and premises. 'Rental Agreement' includes a lease."

ORS 90.100(32). It is apparent, given the language of ORS 12.125, that the definition in ORS 90.100(32) of a "rental agreement" also defines the same term in ORS 12.125. The other operative words in the statute for purposes of this case are the words "arise out of[.]" When no special statutory definition for words is afforded by the legislature, we understand the legislature to have intended that words used in a statute have their ordinary or commonly understood meaning. The verb "to arise" means "**4a** : to originate from a specified source[.]" *Webster's Third New Int'l Dictionary* 117 (unabridged ed 2002) (boldface in original).

■　　With those understandings in mind, we observe that plaintiffs allege in paragraph 6 of their complaint that they "entered into a written landlord/tenant agreement in which Defendant Stephens rented the property located at 6916 Ridgetop Drive NE, Salem, Oregon to Plaintiffs." In paragraph 9 of the complaint, plaintiffs allege that

> "[p]laintiffs' written agreement with defendant conveyed to Plaintiffs the right to the interior spaces of the dwelling while Defendant retained sole and exclusive control, and the sole and exclusive responsibility to repair, the exterior spaces of the dwelling including the roof, over ceiling areas, crawl spaces, walls and other structural areas."

In paragraph 13, plaintiffs allege that "[d]efendant had a duty to repair and maintain those portions of the premises

over which he exercised sole and exclusive control, and to take the steps necessary to protect Plaintiffs from harm arising in or from those areas." In paragraph 19, plaintiffs allege that

> "[a]t all times material and relevant herein, Defendant had a duty to Plaintiffs arising out of Plaintiffs' status as tenants which duty included but was not limited to Defendant exercising ordinary care for Plaintiffs' protection; to be certain that the portions over which Defendant retained control were kept in a reasonably safe condition of repair; and to maintain the premises in a habitable condition."

The previously quoted allegations are followed by the specifications of negligence quoted above. When read together, the above allegations make it clear that plaintiffs' claims are based on the relationship that "arises" or originates from their rental agreement. In that light, we readily conclude that the legislature intended ORS 12.125 to apply to claims like those made by plaintiffs.

There is, however, one additional issue regarding plaintiffs' negligence claim that requires discussion. In paragraph 13, after alleging that defendant had the duty "to repair and maintain those portions of the premises over which he exercised sole and exclusive control," plaintiffs allege that defendant "inspected the water intrusion and thereafter assumed the duty to remediate the water and moisture problem independent of any obligation that Defendant retained pursuant to the rental agreement." That allegation is amplified by a portion of the allegations in paragraph 8 of the complaint:

> "Plaintiffs on several occasions notified defendant of the water intrusions, odor, moisture levels and other defects relating to the invasion of moisture and requested that defendant make repairs and take preventive measures against future water and moisture invasion. In response to Plaintiffs' notifications as to the need to repair the roof and wall areas, Defendant entered and inspected Plaintiffs' residence, and made oral promises to effectuate repairs. Based upon representations that repairs would be forthcoming, Plaintiffs remained on the premises and continued to make rental payments to Defendant."

Also, plaintiffs allege in paragraph 21 that defendant "assumed the duty to repair when he entered, inspected the premises, and made promises that repairs would be forthcoming."

In summary, the above-mentioned allegations focus not on the obligation of defendant under the written rental agreement but on his conduct after he was notified of the problems about which plaintiffs complain. Arguably, if defendant negligently performed the promised repairs, plaintiffs could state a claim for negligence based on the allegations. *But see, e.g., Jones v. Emerald Pacific Homes, Inc.*, 188 Or App 471, 476, 71 P3d 574, *rev den*, 336 Or 125 (2003) ("The plaintiff's tort claim may exist even if it is based on an obligation that the defendant assumes as an express or implied term of the contract, so long as the obligation would exist even if it were not in the contract."). Nonetheless, an additional issue involving plaintiffs' negligence claim is whether defendant's alleged new promises to perform repairs in the duplex after being notified of the problems arise "under a rental agreement or ORS Chapter 90."

■ Because defendant's promises to repair the premises were made to induce plaintiffs to continue their occupancy of the duplex as alleged, we conclude that the "new" oral agreement between the parties to make repairs constitutes a "rental agreement" within the meaning of ORS 12.125. ORS 90.100(32) expressly defines a "rental agreement" as "all agreements, written or oral, * * * embodying the terms and conditions concerning the use and occupancy of a dwelling unit[.]" The oral agreement embodies terms and conditions concerning the use and occupancy of the duplex in that continued occupancy and the payment of rent is conditioned on defendant's promises to perform the requested repairs. Thus, the terms of the oral agreement fall within the definition of a "rental agreement" for purposes of ORS 12.125, and the statute operates to bar all negligence claims brought by plaintiffs.

■ The same reasoning is applicable to plaintiffs' breach of contract claims. Any breach of the agreements alleged by

plaintiffs arises out of or originates from a "rental agreement" within the meaning of the statute.[4] Consequently, we reject plaintiffs' first and second assignments of error.

In their third assignment of error, plaintiffs assert that the trial court erred in dismissing claims brought on behalf of plaintiffs' minor children. Plaintiffs argue that ORS 12.160 extends the time period of ORS 12.125 during the disability of their minority. However, they also concede that this issue was never brought to the attention of the trial court. Consequently, they request that we conduct review of their assignment under ORAP 5.45 as error apparent on the face of the record. But even if the issue presents obvious error, an issue that we do not decide, we decline to exercise our discretion. In their response to defendant's motion to dismiss, plaintiffs argued that they were not "relying on the ORLTA to provide them with a remedy." At the hearing on the motion, plaintiffs' attorney stated,

> "we were aware of the [statute of limitations] issue from the beginning, probably the smarter thing to have done would've been [to] file within one year and eliminate the issue, but reading the case law and seeing cases directly on point, [it] wasn't a major concern of ours, and I think you'll see that when you read the case law."

Because the plaintiffs told the trial court that their claims did not depend upon the ORLTA, we therefore decline to consider their third assignment of error.

In summary, we conclude that plaintiffs' negligence and breach of contract claims are barred by ORS 12.125 because they arise out of either a written or oral rental agreement with defendant. Accordingly, the trial court did not err in dismissing their complaint.

Affirmed.

---

[4] Defendant's promises to repair the defects in the roof and walls occurred before plaintiffs moved out in March 2002. This action was not filed until December 2003.